386 So.2d 856 (1980)
Elizabeth FULMER, As Personal Representative of the Estate of Clyde L. Fulmer, Deceased, Appellant,
v.
NORTHERN CENTRAL BANK et al., Appellees.
No. 79-1534.
District Court of Appeal of Florida, Second District.
August 13, 1980.
Rehearing Denied September 9, 1980.
*857 Helen S. Hansel, St. Petersburg, for appellant.
Brian C. Harrington, Fisher & Sauls, St. Petersburg, for appellee Northern Central Bank.
DANAHY, Judge.
Appellant challenges an order of the trial judge dismissing with prejudice appellant's petition to set aside her decedent's inter vivos transfers of his assets. The largest such transfers was to appellee, a Pennsylvania bank, as trustee of an irrevocable trust situate in Pennsylvania which by its terms terminated at the decedent's death and became entirely distributable to two charitable organizations in Pennsylvania. Two other transfers were to charitable organizations in Florida, and a fourth transfer was to three minors who are residents of Tennessee.
Relying on the holding of the United States Supreme Court in Hanson v. Denckla,[1] appellee moved to dismiss the petition on the ground that the trial court had no jurisdiction to adjudicate the validity of an inter vivos disposition in trust when the trustee, the trust assets, and the trust beneficiaries are all situate in another state. Notwithstanding that appellee's objection pertained to only one of the four transfers attacked in appellant's petition, the trial judge dismissed the entire petition. In doing so, he added the words "with prejudice." We hold that the trial judge correctly dismissed the petition insofar as the inter vivos trust is concerned, though not for the reason asserted by appellee. We further hold, however, that the dismissal should not have been with prejudice and should not have extended to any claims in the petition except the claim against appellee.
Since appellee entered a general appearance in this case before raising the issue of jurisdiction,[2] its argument that the *858 Florida court could not acquire personal jurisdiction of appellee under the holding in Hanson v. Denckla, though valid, is of no avail.[3] Personal jurisdiction of appellee, however, is not enough in this case; Florida has long followed the rule that the beneficiaries of a trust are indispensable parties to a suit having the termination of the beneficiaries' interest as its ultimate goal. E.g., Byers v. Beddow, 106 Fla. 166, 142 So. 894 (1932). Since the beneficiaries of the inter vivos trust in this case are organizations in Pennsylvania who are not before the court and cannot be brought before the court, appellant's petition with respect to the trust was subject to dismissal for failure to join indispensable parties. Martinez v. Balbin, 76 So.2d 488 (Fla. 1954). That defense may be asserted in a motion to dismiss. Fla.R. Civ.P. 1.140(b). A dismissal on this basis, however, does not operate as an adjudication on the merits. Fla.R.Civ.P. 1.420(b). It is improper, therefore, to designate such a dismissal as being "with prejudice."
With respect to the inter vivos transfers attacked in the petition other than the trust, the trial judge had before him no grounds for dismissal and none had been asserted by the respondents to whom those portions of the petition were directed. Therefore, the trial judge erred in dismissing those claims.
We reverse with directions that the trial judge enter an order dismissing without prejudice that part of appellant's petition directed to the inter vivos trust established by her decedent, and reinstating all other claims asserted in the petition.
REVERSED AND REMANDED WITH DIRECTIONS.
SCHEB, C.J., and CAMPBELL, J., concur.
NOTES
[1] 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Cases on the subject of jurisdiction in suits involving trusts with multistate connections are collected in an annotation at 15 A.L.R.2d 610 (1951).
[2] Appellee's counsel filed a document in the trial court entitled "Notice of Appearance" which recited that counsel "hereby enters his appearance on behalf of Northern Central Bank as Trustee in the above referenced cause." Appellee's explanation of the intent of this document cannot overcome the effect of its wording; it was a general appearance which subjected appellee to the jurisdiction of the trial court. In this respect we agree with the holding in Royal Industries, Inc. v. Birdsong, 340 So.2d 526 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 408 (Fla. 1977). But see Marine Distributors of Virginia v. Kelly, 374 So.2d 592 (Fla. 5th DCA 1979) (Smith, J., specially concurring).
[3] A general appearance entered after asserting lack of personal jurisdiction does not waive the alleged jurisdictional defect. White v. Nicholson, No. 80-446, 386 So.2d 74 (Fla. 2d DCA July 30, 1980).