PER CURIAM.
This is an appeal from an order denying a motion to amend an uncontested petition for adoption. We hold that there is no final judgment entered, and an appeal from an order denying a motion to amend is a non-final, nonappealable order, and dismiss the appeal.
In denying the motion to amend the trial court was under the impression that it had entered a final judgment in the adoption proceeding. However, when presented with the uncontested verified petition for adoption, the trial court entered an order denying the petition on the ground that the natural mother was not joined as a petitioner. While she consented to the adoption, she did not thereby intend to terminate her parental rights. The court reasoned that under Section 63.172(l)(a) and (b), Florida Statutes (1991), her rights would terminate unless she too were a petitioner. Thus, the denial was based on the failure to join an indispensable party, a defect which could have been cured by the amendment of the petition.
Section 63.142(3)(a) and (4), Florida Statutes, requires the court to dismiss the petition or enter the judgment for adoption. Cf. In re Adoption of Stinebaker, 382 So.2d 413 (Fla. 5th DCA 1980). An order denying relief does not constitute a final judgment. Words of finality are required to make the order an appealable order. Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA 1988); Armstrong Contracting & Supply Corp. v. Aerospace Industries, Inc., 254 So.2d 242 (Fla. 4th DCA 1971).
As there is no final order, an appeal from the order denying the motion to amend is not an appealable order.[1]
Appeal dismissed.
*835 STONE and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.

. We would also note that even if we were dealing with a final order of dismissal, an order dismissing the cause for lack of an indispensable party is not an adjudication on the merits, and therefore serves as no impediment to an amended petition for adoption. Fla.R.Civ.P. 1.420(b). See also Yancey v. Department of Health and Rehabilitative Services, 413 So.2d 438 (Fla. 3d *835 DCA 1982). Our order is without prejudice to the petitioner, who may either secure a final order or move again to amend, now that we have clarified that the trial court’s reason for denying the motion to amend was based on the erroneous premise that a final judgment had been entered.