W. SHARP, Judge.
Millsaps appeals from an order dismissing his ease against Orlando Wrecker, Inc., James Seamon, Mike Seamon, Ron Lynch and unknown others, for failure to join an indispensable party. Hearings were held on the issue of whether the IRS was an indispensable party, but no transcripts were furnished to us. We must therefore affirm on that ground, but we disagree that this cause should have been dismissed with prejudice because there was no adjudication on the merits.
The record reflects that Millsaps filed suit against Orlando Wrecker, Inc., and others claiming damages for trespass after they towed his vehicle from his property. The defendants moved to dismiss the complaint on the basis that Millsaps had failed to join the IRS, an allegedly indispensable party. The defendants claimed that they were executing a tax warrant under the direct supervision of an IRS agent who was seizing the car in satisfaction of unpaid taxes. Millsaps claimed that he was unable to join the IRS *681 because the defendants failed to provide any facts showing that they were acting as agents for the IRS, that he had a claim against the IRS, or that the court has jurisdiction over the IRS. When the IRS was not added as a party, the court dismissed the action with prejudice.
When a dismissal of an action is not on the merits and the statute of limitations has not yet run at the time of dismissal, the dismissal should not be with prejudice. Wemett v. Duval County, 485 So.2d 892 (Fla. 1st DCA 1986); National Carloading Corp. v. Gemini Transportation, Inc., 364 So.2d 504 (Fla. 3d DCA 1978). An order dismissing a cause for lack of an indispensable party is not an adjudication on the merits. In re C.T.D., 623 So.2d 834, 834 n 1, (Fla. 4th DCA 1993); Fulmer v. Northern Central Bank, 386 So.2d 856 (Fla. 2d DCA 1980), rev. denied, 394 So.2d 1152 (Fla.1981). Thus a dismissal of an action for failure to join an indispensable party should be without prejudice. Spierer v. City of North Miami Beach, 560 So.2d 1198 (Fla. 3d DCA), rev. denied, 576 So.2d 291 (Fla.1990); Antonelli v. Smith, 556 So.2d 1132 (Fla. 3d DCA 1989); City of Hallandale v. Gulfstream Park Racing Association, Inc., 440 So.2d 1328 (Fla. 4th DCA 1983); Fulmer.
An exception to this rule is when the plaintiff refuses to amend his complaint to add a party necessary for a determination on the merits. For example, in Roberts v. Nationwide Mutual Fire Insurance Co., 355 So.2d 219 (Fla. 1st DCA 1978), the plaintiff alleged that his track was negligently repaired but sued only the repairman’s insurance company. The plaintiff refused to add the repairman as a party defendant and elected to stand on his complaint as filed. The complaint was then dismissed with prejudice. The first district affirmed because the action did not involve any negligence on the part of the insurance company but only the negligence of the insured, whom the plaintiff refused to include in his action. Similarly, in Bonavista Condominium Association, Inc. v. Bystrom, 520 So.2d 84 (Fla. 3d DCA 1988), a condominium association refused to join individual condominium owners and the executive director of the Florida Department of Revenue in an action contesting tax assessments on units located within the condominium project. However, both the condominium owners and executive directors were required by law to be joined in such an action.
Here the complaint was dismissed for failure to join the IRS, and there was no adjudication on the merits. Millsaps filed a statement with the court which noticed his “inability” to add the IRS because he does not believe that he has a claim against the agency. However, this is not the same as refusing to add an indispensable party and electing to stand on his complaint. And, before the statute of limitations runs, Mill-saps may acquire sufficient information to include the IRS as a defendant. Accordingly, we quash that part of the order dismissing “with prejudice.” We affirm the dismissal.
AFFIRMED in part; ORDER QUASHED in part.
PETERSON and DIAMANTIS, JJ., concur.