STEVENSON, Judge.
This is an appeal from a final order of the trial court dismissing with prejudice appellants’ second amended complaint. Because we determine that appellants should have been given at least one more opportunity to state a cause of action on one of the counts dismissed, we reverse in part and affirm in part.
Appellants, Harper Companies, Inc. and Mary Lee Harper, operate a consignment store on Worth Avenue in Palm Beach. This action arises from a sheriffs levy of personal property in appellants’ custody which included contemporary and antique furnishings and accessories. The writ of execution was obtained in connection with a final judgment for eviction and unpaid lease payments entered against Harper Galleries, Inc. (apparently, a *629 predecessor corporation to Harper Companies, Inc.).
In summary, appellants allege that appel-lees — the judgment creditor, its agent and its attorneys — acting in concert, sent written instructions to the sheriff to levy on all property found in the custody of appellants and specifically, property held at a certain leased warehouse. The complaint maintained that all of the appellees knew beforehand that the property which was going to be seized was not properly subject to levy or execution, but was held by appellants on consignment from others and was not owned by the judgment debtor, Harper Galleries, Inc. The complaint charges that the appellees’ true intentions in giving the sheriff instructions to levy the property was simply to harass appellants and confiscate appellants’ inventory prior to the “season” beginning in Palm Beach so that appellants’ consignment store business would be destroyed and their reputation ruined.
Appellants, in count one of their second amended complaint, brought a claim for wrongful execution and seizure of property against Via Mizner Associates Limited Partnership (“Via Mizner”), the judgment creditor; Ian Kean, Via Mizner’s agent; John M. Jorgensen, the attorney for Via Mizner; and Scott, Royce, Harris, Bryan, Barra & Jor-gensen, P.A., (hereinafter “Scott, Royce”) the law firm representing Via Mizner. In count two appellants brought a claim for intentional infliction of emotional distress against Via Mizner and Ian Kean. The trial court dismissed count one with leave to amend as to Via Mizner, but dismissed the count with prejudice as to Kean, John Jorgensen, and Scott, Royce. The trial court dismissed count two with prejudice as to both Via Miz-ner and Kean.
We affirm the dismissal of count two with prejudice because we agree with the trial court that the activities complained of could not rise to the level of being so extreme or outrageous as to permit a claim for intentional infliction of emotional distress. For a general discussion concerning the tort of intentional infliction of emotional distress, as it exists in Florida, see Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985).
We also agree that the trial court was correct in dismissing count one. However, we find that the trial court abused its discretion in dismissing the claims with prejudice. It is well-settled that where a party may be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion. See generally, Kovach v. McLellan, 564 So.2d 274 (Fla. 5th DCA 1990); Delia & Wilson, Inc. v. Wilson, 448 So.2d 621 (Fla. 4th DCA 1984). Based on the allegations contained in the second amended complaint, appellants should have been given another opportunity to attempt to state a properly cognizable cause of action. We note that appellants’ factual allegations sound more in abuse of process than wrongful execution — a comment we make more for the benefit of the trial judge than appellants.
Affirmed in part and reversed in part.
WARNER and KLEIN, JJ., concur.