659 So.2d 492 (1995)
CENTRAL FLORIDA INVESTMENTS, INC., Appellant,
v.
Charles LEVIN, Timeshares, etc., et al., Appellees.
No. 94-2298.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
Michael E. Marder and David R. Lenox of Greenspoon, Marder, Hirschfeld & Rafkin, P.A., Orlando, for appellant.
David G. Lerner of Litchford & Christopher, P.A., Orlando, for appellee Denny's, Inc.
No appearances for appellees Charles Levin, Timeshare Resale Outlet, Inc., Al Roman and McDonald's Corporation, etc., and Oerther Foods, Inc., etc.
EVANDER, K.I., Associate Judge.
Central Florida Investments, Inc. (Central) appeals a final order of the trial judge dismissing with prejudice its complaint against one of the party defendants, Denny's, Inc. (Denny's) for failure to state a cause of action. Although the trial court correctly dismissed Central's complaint for negligent *493 misrepresentation against Denny's, it was improper to dismiss such complaint with prejudice.
A dismissal with prejudice should not be ordered without giving the party offering the defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended so as to state a cause of action. Delia & Wilson, Inc. v. Wilson, 448 So.2d 621 (Fla. 4th DCA 1984). In the present case, Central was not given even a second opportunity to attempt to state a cause of action against Denny's. Furthermore, we cannot definitely state that Central could not bring a count for injunctive relief against Denny's seeking to prevent Denny's from aiding and abetting certain codefendants from disseminating alleged false and fraudulent information to prospective customers of Central. RDS Manufacturing, Inc. v. Daws Manufacturing Co., Inc., 598 So.2d 193 (Fla. 1st DCA 1992); Channell v. Applied Research, Inc., 472 So.2d 1260 (Fla. 4th DCA 1985).
Accordingly, this cause is reversed and remanded with instructions to the trial court to grant Central leave to file an amended complaint.
REVERSED and REMANDED with instructions.
DAUKSCH and W. SHARP, JJ., concur.