714 So.2d 1217 (1998)
Kenneth KAPLEY, D.D.S., M.S.D., Appellant,
v.
John M. BORCHERS, individually, Appellee.
No. 97-03723.
District Court of Appeal of Florida, Second District.
August 12, 1998.
Susan J. Silverman, Sarasota, for Appellant.
Francis R. Lakel, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges the trial court order dismissing with prejudice his complaint against appellee. Because we conclude that appellant should have been given an opportunity to amend his complaint to attempt to state a cause of action against appellee individually, we reverse.
Appellant filed a three-count complaint against five corporate defendants engaged in the practice of dentistry under the name of "Gentle Dental Care" and against appellee individually alleging that appellee controlled the Gentle Dental Care defendants and executed the contract sued upon. The Gentle Dental Care defendants, who are not parties to this appeal, filed motions to dismiss, alleging that appellant failed to state a cause of action against them because the only parties to the contract were appellant and the independent corporation, Gentle Dental Orthodontics, Inc. Appellant alleged in his complaint that Gentle Dental Orthodontics was *1218 the agent of, and interrelated with, all the corporate defendants. After a hearing which was not transcribed, the trial court granted the Gentle Dental defendants' motion to dismiss, but allowed appellant twenty days to amend his complaint against them. The trial court granted appellee's motion to dismiss with prejudice the complaint against him individually. This appeal followed.
After a review of the record, we conclude that the trial court abused its discretion in dismissing the complaint with prejudice against appellee individually. A dismissal with prejudice should not be ordered without giving the party offering the pleading an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a cause of action. See Countryside Christian Center, Inc. v. City of Clearwater, 542 So.2d 1037 (Fla. 2d DCA 1989); Central Florida Inv., Inc. v. Levin, 659 So.2d 492 (Fla. 5th DCA 1995). Where a party may be able to allege additional facts to support its cause of action or to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion. See Harper Companies v. Scott, Royce, Harris, Bryan, Barra, & Jorgensen, P.A., 656 So.2d 627 (Fla. 4th DCA 1995); Kovach v. McLellan, 564 So.2d 274 (Fla. 5th DCA 1990). While it may have been proper to dismiss the complaint against appellee individually for failure to state a cause of action, we conclude it was an abuse of discretion to do so with prejudice since it was not clear from the record that a cause of action could never be alleged against appellee individually. Appellant should have therefore been given an opportunity to amend.
Reversed and remanded with directions.
FULMER and NORTHCUTT, JJ., concur.