719 So.2d 9 (1998)
C.C. "Doc" DOCKERY, Appellant/Cross-Appellee,
v.
FLORIDA DEMOCRATIC PARTY and Steve Pincket, Appellees/Cross-Appellants.
No. 97-03534.
District Court of Appeal of Florida, Second District.
August 21, 1998.
Robin Gibson and Kevin A. Ashley of Gibson & Valenti, Lake Wales, for Appellant/Cross-Appellee.
Joseph E. Foster and William C. Turner, Jr., of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellee/Cross-Appellant Florida Democratic Party.
Steve Pincket, Lakeland, for Appellee/Cross-Appellant Steve Pincket.
ALTENBERND, Judge.
The plaintiff, C.C. "Doc" Dockery, appeals the trial court's order dismissing with prejudice his complaint for defamation. We reverse. On the cross-appeal of the Florida Democratic Party (FDP), we decline to review an order denying discovery of certain tax records either as an issue on direct appeal or by common law certiorari.
The plaintiff filed his complaint on January 15, 1997, alleging three counts of defamation by FDP and four counts of defamation by Steve Pincket. Both defendants filed motions to dismiss, arguing that the complaint was deficient in many respects. The plaintiff *10 and FDP began discovery, and numerous disputes arose.
On June 10, 1997, the trial court entered an order granting the defendants' motion to dismiss the complaint with prejudice. The order does not explain the grounds for the dismissal or why the plaintiff was not given an opportunity to amend his complaint. Uncertain whether the order was a final appealable order, the plaintiff filed a timely motion for rehearing. On July 16, 1997, the trial court entered an unusual order that (1) granted the plaintiff's motion to compel discovery of certain documents, specifically ruling that those documents which could not be agreed upon by counsel as discoverable were to be the subject of an in-camera inspection by the court; (2) granted the plaintiff's motion for a protective order concerning the discovery of tax-related documents; and (3) denied plaintiff's motion for rehearing on the order of dismissal. This order clearly entered final judgment in favor of the defendants and at the same time ordered them to produce discovery documents. The plaintiff appealed the final judgment, and FDP cross-appealed, requesting this court to review the trial court's refusal to order the plaintiff to produce certain tax records.
The complaint alleges that the plaintiff is not a public figure, but that his wife chose to run as a Republican for a seat in the Florida House of Representatives in 1996. Steve Pincket was her unsuccessful Democratic opponent. During the campaign, FDP allegedly printed and mailed a four-page circular containing a photograph of Mrs. Dockery on the first page with the following words displayed in a dialogue balloon: "Thanks (a half) a Million." In bold type on the second page, the circular states: "When the Dockerys don't pay taxeswe pick up the tab." Partially concealed by the bold type was a portion of a newspaper article. The third page of the circular contains a brief article following the headline: "`Doc' fails to pay $500,000 in taxes." The article contains the statement: "When `Doc' Dockery gave his children some shares of stock, he was being generous with his money. But when he failed to pay the tax that was owed on the gifthe was being generous with our money." The next paragraph states: "Now he's under investigation by the federal government."
The complaint also alleges that FDP published by direct mail a second circular that states: "None of us really like paying taxes, but we know it's our responsibility and we do the right thing. That's why it's so disturbing to learn that Dockery's husband failed to pay $515,262 to the IRS and is now under investigation." This circular contains no reprint of any newspaper article, but a footnote that cites a Lakeland Ledger August 2, 1996, article.
The August 2, 1996, newspaper article reported that the Internal Revenue Service was challenging Mr. Dockery's calculation of taxes in 1992 and 1993. The IRS maintained that Mr. Dockery owed an additional tax of $515,262 because the IRS placed a higher value on a gift of stock, which Mr. Dockery had given to his son and daughter, than the value established by the major accounting firm Mr. Dockery had employed to value the stock. The article also reported that Mr. Dockery disputed the IRS's assessment and had asked the United States Tax Court for a ruling on the amount owed for 1992 and 1993. In the 4-page circular, only the first 10 paragraphs of this 22-paragraph article appear, and 4 of those 10 paragraphs are obscured by the bold print of the circular.
The plaintiff, like any other citizen, had the right to dispute the IRS audit in tax court. During the pendency of this appeal, the United States Tax Court issued an opinion approving the valuation provided by the accounting firm. See Dockery v. Commissioner of Internal Revenue, No. 14915-96 T.C., 1998 WL 120369 (Mar. 19, 1998).
The plaintiff's complaint identified the specific sentences in the two circulars that he maintained were defamatory and alleged that both FDP and Mr. Pincket were responsible for these statements. The allegations concerning Mr. Pincket were conclusory, and we agree that an order of dismissal was appropriate, but with leave to file an amended complaint.
We presume from the arguments of counsel that the trial court dismissed the *11 complaint against FDP after deciding that the plaintiff was a public figure and that the allegations were insufficient in that event. See New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Contrary to the argument of FDP, there is no stipulation or valid admission in this record that the plaintiff was a public figure. On a motion to dismiss, the trial court was required to accept the plaintiff's allegations that he was not a public figure. See Cook v. Sheriff of Collier County, 573 So.2d 406, 408 (Fla. 2d DCA 1991) (holding that in motion to dismiss all material allegations of complaint are taken as true, and court is not permitted to speculate as to whether allegations can ultimately be proven). The only similar case cited by the parties suggests that the husband of a candidate may become a public figure if he takes affirmative steps to interject himself into the campaign. See Hemenway v. Blanchard, 163 Ga.App. 668, 294 S.E.2d 603 (1982). Accordingly, the trial court erred in deciding that the plaintiff was a public figure without an evidentiary basis for this ruling.
We are inclined to believe that at least some of the allegations in the complaint would be sufficient to state a cause of action, even if the plaintiff were determined to be a public figure. See Hill v. Lakeland Ledger Pub. Corp., 231 So.2d 254 (Fla. 2d DCA 1970). Because this issue may never be reached in the trial court, we decline to rule on it at this time. We reverse the order of dismissal as to FDP. We reverse the order as to Mr. Pincket insofar as the dismissal is with prejudice. On remand, the trial court shall give the plaintiff leave to amend his complaint.
Reversed and remanded for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and BLUE, J., concur.