734 So.2d 570 (1999)
GENERAL CONTAINER SERVICE, INC., Appellant,
v.
WILLIAM H. McGEE & CO., et al., Appellees.
No. 98-3156.
District Court of Appeal of Florida, Third District.
June 9, 1999.
Mark E. Buechele, Miami Shores, for appellant.
Butler Burnette Pappas and Gerald T. Albrecht and Yoniece M. Dixon (Tampa), for appellees.
Before JORGENSON, GODERICH, and GREEN, JJ.
PER CURIAM.
General Container Service, Inc., appeals a final order dismissing with prejudice its claim against the broker for its coinsurance. For the following reasons, we reverse.
General container suffered loss as a result of Hurricane Andrew. It had two insurance policies: one provided by Continental Insurance and the other by Phoenix Assurance which was brokered by the appellee, William H. McGee & Company. Neither policy settled General container's claim. Continental denied coverage because it claimed that General container's policy had been retroactively canceled. Phoenix denied coverage because it claimed that its policy required coinsurance.
Following an internal audit, Continental sued General container alleging additional premiums were due under the Continental policy. General Container filed a counterclaim for Continental's denial of coverage. Sometime after, General Container amended its counterclaim to implead Phoenix and the broker, McGee, as third-party counter-defendants. In its amended counterclaim, General Container alleged a cause of action against McGee as an coinsurer on the Ploenix policy. The trial court found that McGee was not a party to the insurance contract between General Container and Ploenix. Consequently, the trial court dismissed General container's claim against McGee, erroneously, with prejudice. This appeal follows.
The mere possibility that the plaintiff has a cause of action requires that leave to amend the pleadings be given, provided the privilege to amend has not been abused. See Slavin v. McCann Plumbing Co., 73 So.2d 902 (Fla. 1954); Central Fla. Invs. v. Charles Levin, Timeshares, 659 So.2d 492, 493 (Fla. 5th DCA 1995); Delia & Wilson, Inc. v. Wilson, 448 *571 So.2d 621, 622 (Fla. 4th DCA 1984); Janko v. City of Hialeah, 212 So.2d 800, 800-01 (Fla. 3d DCA 1968). In this case, though General Container may be foreclosed from bringing an action against McGee as a coinsurer, it is possible that McGee could be liable to General Container in its role as a broker. See Warehouse Foods, Inc. v. Corporate Risk Mngmt., 530 So.2d 422 (Fla. 3d DCA 1988); Caplan v. La Chance, 219 So.2d 89 (Fla. 3d DCA 1969). Moreover, since General container has not amended its pleadings as against McGee, there has been no abuse of the privilege.
Reversed and remanded with directions to permit the pleading to be amended.