738 So.2d 1000 (1999)
David E. WILSON, Appellant,
v.
NEWS-PRESS PUBLISHING CO., Appellee.
No. 98-03481.
District Court of Appeal of Florida, Second District.
July 30, 1999.
*1001 Robert R. Hagman, Naples, and Louis St. Laurent, Coral Springs, for Appellant.
Steven Carta of Simpson, Henderson & Carta, Ft. Myers, for Appellee.
NORTHCUTT, Judge.
David Wilson challenges the circuit court's dismissal of his action against the News-Press Publishing Company based on an allegedly defamatory article about him. We reverse.
Wilson filed a 40-page complaint containing 14 exhibits and 118 paragraphs, most of which set out factual allegations. The News-Press responded with a motion to dismiss the complaint, or alternatively to strike certain of its allegations. The motion was accompanied by a 21-page memorandum of law. The court granted the News-Press's motion and dismissed the complaint on the basis that "the alleged defamatory statements contained in the Complaint are non-actionable for the reasons set forth" in the News-Press's motion and memorandum.
We first note that on a motion to dismiss for failure to state a cause of action, the circuit court may look only within the four corners of the complaint, must accept the plaintiff's allegations as true, and must resolve all inferences in the plaintiff's favor. See Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253 (Fla. 2d DCA 1994). Additionally, a court should not dismiss a complaint with prejudice if it is actionable on any ground. See Drakeford v. Barnett Bank of Tampa, 694 So.2d 822 (Fla. 2d DCA 1997); see also Dockery v. Florida Democratic Party, 719 So.2d 9 (Fla. 2d DCA 1998). Instead, the plaintiff should be given an opportunity to amend the complaint.
Because the circuit court's order contains no specific legal or factual findings, we have been required to attempt to determine the grounds for the dismissal in order to perform meaningful appellate review. A circuit court is not always required to state its reasoning with particularity, but the appellate review process is more effective when it does. See Steigman v. Danese, 502 So.2d 463, 465 (Fla. 1st DCA 1987), disapproved on other grounds by, Spohr v. Berryman, 589 So.2d 225 (Fla.1991). In any event, our review has uncovered at least one actionable ground in the complaint. This is sufficient to reverse the dismissal under Drakeford.
Wilson alleged that the article published by the News-Press contained a statement that federal officials discovered he had sold an airplane to a major drug dealer. He set out facts that supported his assertion that this statement was false and that the News-Press published the statement with actual malice, that is, it knew of the statement's falsity or published with reckless, disregard for whether it was false or not. Wilson claimed that his reputation was injured as a result of the statement and that he was damaged. In other words, he sufficiently pleaded a cause of action for defamation against a public official.[1]See New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).
We reverse with directions to reinstate Wilson's complaint. We offer no opinion on whether the rest of the complaint states a cause of action, or on the merits of Wilson's action. We also will not address the newspaper's arguments concerning punitive damages and attorney's fees because the circuit court's order did not touch on these issues. On remand, the News-Press may reassert its motion. If the circuit court believes certain allegations in the complaint fail to state a cause of action or should be stricken, it should give Wilson the opportunity to amend. But we once again repeat this admonition *1002 to the litigants: a motion to dismiss should not be used as a substitute for a motion for summary judgment or a motion for judgment on the pleadings. See Lowery v. Lowery, 654 So.2d 1218, 1219 (Fla. 2d DCA 1995).
Reversed and remanded.
CAMPBELL, A.C.J., and STRINGER, J., Concur.
NOTES
[1] When the News-Press published the article, Wilson was the Undersheriff at the Lee County Sheriff's Department. We have assumed, based on the allegations in his complaint, that he is a public figure for purposes of a defamation claim, and is therefore required to prove actual malice. Our assumption should not be read as a decision on the merits of whether he is a public figure.