744 So.2d 1136 (1999)
Franklin B. GOWAN, Appellant,
v.
BAY COUNTY, Florida, Bay County Sheriff's Office, Corrections Corporation Of America, Appellees.
No. 99-206.
District Court of Appeal of Florida, First District.
October 27, 1999.
*1137 Franklin B. Gowan, Appellant, Pro Se.
Clifford C. Higby of Bryant & Higby, Chartered, Panama City, for Appellees.
JOANOS, J.
Franklin B. Gowan, appellant, appeals an order dismissing with prejudice the allegations of his second amended complaint which pertain to Corrections Corporation of America (CCA). We reverse the order of dismissal with prejudice, and remand for further proceedings.
In his second amended complaint, appellant raised claims against the Bay County Sheriffs Office, Bay County, and CCA, concerning injuries appellant allegedly suffered during his incarceration in a facility operated by CCA under its contract with Bay County. Appellant claimed violation of his civil rights pursuant to 42 U.S.C. § 1983, intentionally inhumane treatment resulting in personal injuries to appellant, and denial of adequate medical treatment for the injuries. Appellant's specific allegations against CCA included claims that Don Grant, a security guard employed by CCA, required appellant, who is a fair-skinned individual and very sensitive to sun exposure, to remain in direct sunlight on July 5, 1993, from 12:30 p.m. until 3:50 p.m. Appellant further alleged the ultraviolet radiation index was "8" on that particular date, and that an index of 8 is considered a high reading. Appellant alleged he received severe sunburns on all parts of his body which were not covered by the prison uniform, and that he now has skin cancers as a result of the treatment inflicted by CCA's security guard. The complaint also includes allegations that the prison nurse, a CCA employee, failed to provide an analysis of the degree of appellant's sunburn damage, and failed to provide adequate care to appellant for the injuries he suffered.
*1138 CCA filed a motion to dismiss, alleging the complaint failed to state a cause of action as to CCA. Among other things, CCA maintained appellant was unable to state a claim for vicarious liability for intentional tort or for § 1983 civil rights violations against CCA. The trial court granted CCA's motion to dismiss, finding the complaint failed to state a cause of action as to CCA. The dismissal was with prejudice, and final judgment was granted in CCA's favor.
"[O]n a motion to dismiss for failure to state a cause of action, the circuit court may look only within the four corners of the complaint, must accept the plaintiff's allegations as true, and must resolve all inferences in the plaintiff's favor." See Wilson v. News-Press Publishing Co., 738 So.2d 1000 (Fla. 2d DCA 1999). See also Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999)("A claim should not be dismissed with prejudice `without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action.'"); Abrams v. General Insurance Co., Inc., 460 So.2d 572, 573 (Fla. 3d DCA 1984). An opportunity to amend the complaint should be freely granted and should not be denied unless the privilege has been abused. See id. at 1004.
To recover on a § 1983 claim, a plaintiff must prove that (1) he was deprived of a right secured by the Constitution and laws of the United States, and (2) the person depriving the plaintiff of that right acted "under color of state law." See 42 U.S.C. § 1983. See also Barton Protective Services, Inc. v. Faber and Worlds, 745 So.2d 968 (Fla. 4th DCA 1999). See also Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir.1990).
Under common law principles, an employer is liable in damages for the wrongful act of his employee that causes injury to another person, "if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, ... unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer." See Stinson v. Prevatt, 84 Fla. 416, 418-419, 94 So. 656, 657 (1922), quoted in Gonpere Corp. v. Rebull, 440 So.2d 1307, 1308 (Fla. 3d DCA 1983).
The test for determining if the conduct complained of occurred within the scope of employment is whether the employee (1) was performing the kind of conduct he was employed to perform, (2) the conduct occurred within the time and space limits of the employment, and (3) the conduct was activated at least in part by a purpose to serve the employer. See Schwartz v. Zippy Mart, Inc., 470 So.2d 720, 723 (Fla. 1st DCA 1985). See also Garcia v. Duffy, 492 So.2d 435, 438 (Fla. 2d DCA 1986).
Appellant in this case alleged, among other things, that Don Grant, acting within the scope of his employment with CCA, forced appellant to remain out of doors for more than three hours in an unshaded area, with no protection from the July sun, on a day when the ultraviolet index was high, i.e., a reading of "8." Appellant further alleged that as a result of this treatment, he suffered severe sunburn, and now has skin cancers in the burned areas.
While we recognize the allegations of the second amended complaint are deficient, we conclude the allegations are sufficient to withstand a dismissal with prejudice at this stage of the pleadings. Appellant alleged, albeit inartfully, that CCA's correctional officer was acting within the scope of his employment and the scope of his authority, while serving the interests of CCA as his employer, when he caused appellant to suffer needless sun exposure and injury. Although the trial court did not provide *1139 the court's reasons for finding that appellant failed to state a cause of action as to CCA, the allegations of the second amended complaint are such that we do not believe it can be said, as a matter of law, that appellant will never be able to state a proper basis for relief against CCA. In his brief before this court, appellant contends the dismissal should be without prejudice. We agree. The record reflects that the privilege to amend has not been abused. Therefore, we conclude the dismissal with prejudice constituted an abuse of discretion.
Accordingly, the order dismissing the allegations of the second amended complaint as to CCA is reversed, and this cause is remanded for entry of an order granting the motion to dismiss with leave to amend.
LAWRENCE and VAN NORTWICK, JJ., CONCUR.