750 So.2d 771 (2000)
Jacqueline OBENSCHAIN and Advocacy Center for Persons With Disabilities, Inc., Appellants,
v.
Robert B. WILLIAMS, in his official capacity as Administrator of the Florida State Hospital, Gilbert Ferris, in his official capacity as an employee of the State of Florida Department of Children And Family Services, Cuong Ba Nguyen, in his official capacity as an employee of the State of Florida Department of Children and Family Services, Kathleen Kearney, in her official capacity as Secretary of the State of Florida Department of Children and Family Services, State of Florida Department of Children and Family Services, Inc., and Kenneth Kleier, in his capacity as the guardian advocate of Jacqueline Obenschain, Appellees.
No. 1D99-1074.
District Court of Appeal of Florida, First District.
February 16, 2000.
*772 Gordon B. Scott of Advocacy Center for Persons With Disabilities, Inc., and James Vernon Cook, Tallahassee, for Appellants.
Robert A. Butterworth, Attorney General, Jason Vail, Assistant Attorney General, Tallahassee, for Appellees.
BROWNING, J.
Appellant, Jacqueline Obenschain, appeals the trial court's final order dismissing her second amended complaint with prejudice. Appellant argues the trial court erred both by holding that it lacked subject matter jurisdiction, and by dismissing her complaint with prejudice without leave to amend, for failure to state a cause of action. We agree with both arguments and reverse.
Appellant filed a civil rights action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief, and a petition for writ of habeas corpus under the provisions of section 394.459(8)(b), Florida Statutes. Sections 26.012(2)(b) and 394.459(8)(b), Florida Statutes (1996), grant the trial court jurisdiction to hear Appellant's claims. Thus, the trial court erred in finding it lacked subject matter jurisdiction.
Appellant filed her complaint on August 8, 1997. Before service of the complaint on Appellees, Appellant filed an amended complaint, as a matter of right, pursuant to Florida Rule of Civil Procedure 1.190(a), in order to update factual allegations. The lower court dismissed the amended complaint without prejudice for lack of subject matter jurisdiction and failure to name a necessary party. Appellant filed a second amended complaint to include the necessary party. The trial court then dismissed Appellant's second amended complaint with prejudice and without leave to amend, for lack of subject matter jurisdiction, and for failure to state causes of action. In so doing, the trial court abused its discretion.
Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it *773 conclusively appears that there is no possible way to amend the complaint to state a cause of action. Madison County v. Foxx, 636 So.2d 39, 51 (Fla. 1st DCA 1994); Gowan v. Bay County, 744 So.2d 1136 (Fla. 1st DCA 1999). Instead, the pleader should be given an opportunity to amend the defective pleading. Gowan, supra. A court should not dismiss a complaint with prejudice if it is actionable on any ground. Wilson v. News-Press Publishing Co., 738 So.2d 1000 (Fla. 2d DCA 1999); Dockery v. Florida Democratic Party, 719 So.2d 9 (Fla. 2d DCA 1998). Dismissal with prejudice is an abuse of discretion where a pleader may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory. Kapley v. Borchers, 714 So.2d 1217 (Fla. 2d DCA 1998); Harper Companies v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A., 656 So.2d 627 (Fla. 4th DCA 1995). The opportunity to amend a complaint should be liberally given and should not be denied unless the privilege has been abused. Gowan, supra; Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999); Gamma Dev. Corp. v. Steinberg, 621 So.2d 718 (Fla. 4th DCA 1993).
Appellant did not abuse her privilege to amend her complaint. The dismissal of the second amended complaint with prejudice was the first indication that the pled causes of action were inadequate. Additionally, based on the facts pled in the second amended complaint, it appears Appellant could amend her complaint to state causes of action. Accordingly, the trial court abused its discretion by dismissing Appellant's second amended complaint with prejudice.
REVERSED.
ALLEN and WEBSTER, JJ., CONCUR.