PER CURIAM.
Albert Widmer, an inmate at New River West Correctional Institution, a member of the Hare Krishna sect of Hinduism, appeals the dismissal of his amended complaint against various Florida prison officials, which alleged a violation of 42 U.S.C. § 1983. We reverse the order insofar as it dismissed those portions of the amended complaint seeking injunctive relief against prison official James Mobley,[1] based upon allegations that he had denied Widmer’s requests to be served a diet and permitted to possess religious beads consistent with his sincerely held religious beliefs. In all other respects, we affirm.
Widmer alleged that his religious beliefs required him to eat a vegetarian diet consisting of “fruits and vegetables, milk, cereal, peanut butter, bread, etc.,” but the prison refused to comply. He alleged he could not eat meat, fish, or eggs, or have such foods touch other food on his plate, yet the prison food service repeatedly served him such unacceptable foods. Widmer also alleged that the prison refused to let him have his Japa beads, which are religious beads made of wood from a sacred tree. He alleged that the tenets of his faith required him to wear and use them. He claimed these violations were harmful to his religious development. We conclude that these allegations sufficiently alleged a claim under § 1983.
To recover under § 1983, Wid-mer was required to allege that (1) he was deprived of a constitutional right, and (2) the persons depriving him were acting under color of state law. See Gowan v. Bay County, 744 So.2d 1136 (Fla. 1st DCA 1999). Deprivation of a diet consistent with an inmate’s sincerely held religious beliefs is a valid ground for seeking § 1983 relief. See, e.g., DeHart v. Horn, 227 F.3d 47 (3d Cir.2000) (Buddhist diet); Johnson v. Horn, 150 F.3d 276 (3d Cir.1998) (Jewish diet), overruled in part, DeHart v. Horn, 227 F.3d 47 (3d Cir.2000); Oluwa v. Gomez, 133 F.3d 1237 (9th Cir.1998) (Rastafarian diet); Ashelman v. Wawrzaszek, 111 F.3d 674 (9th Cir.1997) (Jewish diet); LaFevers v. Saffle, 936 F.2d 1117 (10th Cir.1991) (Seventh Day Adventist diet); Moorish Science Temple of Am., Inc. v. Smith, 693 F.2d 987 (2d Cir.1982) (Muslim diet). Deprivation of religious beads is also a valid ground for relief. See, e.g., LeMay v. Dubois, No. Civ.A.95-11912-PBS, 1996 WL 463680 (D.Mass. July 29, 1996) (Native American necklace); Alameen v. Coughlin, 892 F.Supp. 440 (E.D.N.Y.1995) (Sufi Muslim beads); Campos v. Coughlin, 854 F.Supp. 194 (S.D.N.Y.1994) (Santería beads).
Prisons are required to protect inmates’ First Amendment rights, so long as they do not contravene valid penological interests. Widmer must be given an opportunity to prove that the diet and beads he requested are essential to his sincerely held religious beliefs, and that the prison’s refusal is not reasonably related to valid penological interests. Johnson, 150 F.3d at 281. In DeHart v. Horn, 227 F.3d 47 (3d Cir.2000), the Third Circuit reversed summary judgment for the prison and remanded for a determination as to whether a Buddhist inmate’s wish for a vegetarian diet constituted a sincerely held religious belief protected by the First Amendment, regardless of whether adherents from three Buddhist sects, as well as his own, did not mandate vegetarianism. So long as this was the inmate’s sincere religious belief, it was irrelevant that it was not an *326 Orthodox Buddhist mandate. Id. at 56, 60. Accord LaFevers v. Saffle, 936 F.2d 1117 (10th Cir.1991) (reversing dismissal, because if Seventh Day Adventist inmate sincerely believed he must follow vegetarian diet for religious reasons, district court must consider the issue, regardless of whether the Church did not require such diet).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
BARFIELD, C.J., ERVIN and WOLF, JJ., concur.

. Widmer did not predicate Mobley’s liability on his supervisory position, but upon his active role in infringing upon the free exercise of Widmer’s religious beliefs. See Monell v. Department of Soc. Servs. of N.Y., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (although a plaintiff may not rely on the doctrine of respondeat superior to establish liability of an employer under § 1983, liability attaches when the employer participates in inflicting the injury). Accord Carswell v. Bay County, 854 F.2d 454 (11th Cir.1988).