SILBERMAN, Judge.
David E. Wilson appeals the amended final judgment that dismissed his complaint for libel. Because Wilson’s complaint stated a cause of action, we reverse.
The complaint alleged that there were six defamatory "statements contained in a newspaper article published by the News-Press Publishing Company on February 9, 1996, and two defamatory statements contained in an article published on February 10, 1996. The complaint, consisting of forty pages, asserted one cause of action based on the eight statements.
This is the second appeal generated by the dismissal of Wilson’s complaint. See Wilson v. News-Press Publ’g Co., 738 So.2d 1000 (Fla. 2d DCA 1999) (Wilson I). In Wilson I, this court concluded that at least one of the allegedly defamatory statements was actionable, and therefore, the complaint should not have been dismissed. The decision did not address whether the *263 other statements were actionable. This court noted that on remand, the News Press could reassert its motion attacking the complaint and “[i]f the circuit court believes certain allegations in the complaint fail to state a cause of action or should be stricken, it should give Wilson the opportunity to amend.” Id. at 1001. Wilson I specifically directed that the complaint be reinstated, and it concluded with the admonition that “a motion to dismiss should not be used as a substitute for a motion for summary judgment or a motion for judgment on the pleadings.” Id. at 1002.
On remand, the trial court had before it the same complaint that was the subject of the prior appeal. The News-Press renewed its motion to dismiss the complaint, and alternatively, it sought to have certain allegations stricken from the complaint. At a hearing on the motion, the trial court questioned whether it was required to defer to the earlier decision of this court. The News-Press argued that Wilson I allowed the trial court to revisit whether the complaint stated a cause of action, and it argued that the statements listed in Wilson’s complaint were not actionable.
In its order granting the motion to dismiss, the trial court evaluated the allegations and concluded that the complained-of statements were not actionable. The trial court granted the motion to dismiss with leave to amend. After Wilson declined to amend the complaint, the trial court entered a final judgment of dismissal with prejudice.
Wilson argues that the dismissal must again be reversed because the complaint stated a cause of action, as had been previously determined in Wilson I. We agree. The trial court could not dismiss in its entirety the same complaint that this court held stated a cause of action. It was bound by our decision in Wilson I and could not deviate from the terms of the appellate mandate. See White Sands, Inc. v. Sea Club V. Condo. Ass’n, 591 So.2d 286, 287 (Fla. 2d DCA 1991).
The trial court could have stricken those portions of the complaint that were “redundant, immaterial, impertinent, or scandalous.” Fla. R. Civ. P. 1.140(f). Moreover, had Wilson amended his complaint to add new facts or claims, the amended complaint would have been subject to attack through a proper motion to dismiss; the decision in the earlier appeal is not binding as to newly alleged facts or claims. See Harris v. Lewis State Bank, 482 So.2d 1378, 1884 (Fla. 1st DCA 1986). However, Wilson did not amend his complaint. Instead, he proceeded with the original complaint that was reinstated pursuant to Wilson I.
Because the only questions raised in this appeal relate to whether the trial court, after Wilson I, could properly dismiss the identical complaint for failure to state a cause of action, we do not address the trial court’s analysis of each of the allegedly defamatory statements. We reiterate that a motion to dismiss is not a substitute for a motion for summary judgment or a motion for judgment on the pleadings. Wilson I, 738 So.2d at 1001; Lowery v. Lowery, 654 So.2d 1218, 1219 (Fla. 2d DCA 1995).
The final judgment of dismissal is reversed and remanded for further proceedings consistent with this opinion.
Reversed and. remanded.
BLUE, C.J., and CASANUEVA, J., concur.