LaROSE, Judge.
The Department of Revenue seeks reversal of a trial court order dismissing with prejudice, for failure to join an indispensable party, its initial petition to establish paternity, child support, and for the award of other relief. The indispensable party was the child’s legal father. The Department argues that because the dismissal was for a procedural error, not on the merits, the trial court should have dismissed the petition without prejudice. We agree and reverse. See Fla. R. App. P. 9.030(b)(1)(A).
Dismissal with prejudice is a severe sanction. See Obenschain v. Williams, 750 So.2d 771, 772 (Fla. 1st DCA 2000). The trial court should grant such relief only when the pleader has failed to state a cause of action and it conclusively appears that the pleader cannot possibly amend the pleading to state a cause of action. Id. at 772-73. A dismissal with prejudice can constitute an abuse of discretion where a party may be able to plead additional facts to support its cause of action or support another cause of action under a different legal theory. Id. at 773 (citing Kapley v. Borchers, 714 So.2d 1217, 1218 (Fla. 2d DCA 1998)). Thus, the trial court should hesitate to dismiss without giving the pleading party an opportunity to amend. See Kapley, 714 So.2d at 1218.
Further, an order dismissing a pleading for lack of an indispensable party is not a merits adjudication. Millsaps v. Orlando Wrecker, Inc., 634 So.2d 680, 681 (Fla. 5th DCA 1994) (citing In re C.T.D., 623 So.2d 834, 834 n. 1 (Fla. 4th DCA 1993); Fulmer v. N. Cent. Bank, 386 So.2d 856 (Fla. 2d DCA 1980)). A dismissal for failing to join an indispensable party should be without prejudice, unless the pleader refuses to amend to add a party necessary for a determination on the merits. See Millsaps, 634 So.2d at 681.
Additionally, although not raised by the Department, it appears that the trial court may have erred in dismissing the case on the theory that the Department failed to join an indispensable party. From the record, it appears that another man was listed as the father on the child’s birth certificate.[1] However, an order entered in 2001 vacated a judgment of paternity against that man. Another order entered in 2010 clarified that this other man was not the biological father and his name should be removed from the birth certificate.
The trial court should have entered an order of dismissal with leave to amend in order for the Department to allege the facts necessary to establish that the other man was not a necessary party to this proceeding.
We reverse and remand for further proceedings.
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., Concur.

. This is an unusual case, in part, because the Department did not file the petition to establish paternity until shortly before the child's eighteenth birthday. The "child” is now about twenty years old.