IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KAREN L. DENNEHY,

        Appellant,

 v.

VISHWANATH SRINAGESH, OCALA
EYE, P.A., AND OCALA EYE SURGICAL
CENTER, INC.,

        Appellees.
_____/

Case No.  5D22-287
LT Case No. 2021-CA-63

Opinion filed August 19, 2022

Appeal from the Circuit Court
for Marion County,
Robert W. Hodges, Judge.

Dock A. Blanchard, of Blanchard,
Merriam, Adel, Kirkland & Green,
P.A., Ocala, for Appellant.

Thomas E. Dukes, III, and Stacey J.
Carlisle, of McEwan, Martinez, Dukes
& Hall, P.A., Orlando, for Appellee.

EVANDER, J.

Karen Dennehy appeals the dismissal of her complaint for medical malpractice with prejudice. Because the dismissal should have been without prejudice, we reverse.

Dennehy, acting pro se, initiated suit against Vishwanath Srinagesh, Ocala Eye, P.A., and Ocala Eye Surgical Center, Inc., ("Appellees") after a cataract surgery performed by Dr. Srinagesh allegedly left Dennehy with various visual acuity issues. Prior to suit, Dennehy submitted purported corroborating expert opinion affidavits to Appellees. Appellees filed a motion to dismiss Dennehy's complaint, attacking the sufficiency of those affidavits.

Dennehy filed her complaint within the limitations period applicable to her claim, but that period expired before the hearing on the motion to dismiss. At that hearing, the court took the motion under advisement.

Thereafter, Appellees submitted a proposed order providing that Dennehy's complaint be dismissed with prejudice. Dennehy filed objections to the proposed order arguing, inter alia, that Appellees had waived the requirement of written medical corroboration by failing to provide Dennehy with legible copies of her medical records as required under section 766.204, Florida Statutes (2020). That statute provides, in relevant part:

> (1) Copies of any medical record relevant to any litigation of a medical negligence claim . . . shall be provided to a claimant . . . at a reasonable charge within 10 business days of a request for copies, . . . .

> (2) Failure to provide copies of such medical records, or failure to make the charge for copies a reasonable charge, shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requirement of written medical corroboration by the requesting party.

The trial court subsequently granted Appellees' motion to dismiss with prejudice, finding that the corroborating expert witness affidavits were legally insufficient and, as a result, Dennehy "failed to timely comply with presuit before the statute of limitations expired, which is a fatal defect to her claims."

Dennehy, through newly retained counsel, filed a motion for rehearing, once again raising the argument that Appellees had failed to comply with their presuit obligation to provide her with medical records and, thus, had "waive[d] the requirement of written medical corroboration." Dennehy's motion for rehearing concluded with the statement that "the case should have been dismissed without prejudice to allow Dennehy to properly amend her Complaint to assert specifically and expressly" a violation of section 766.204. The trial court summarily denied the motion for rehearing and this timely appeal followed.

On appeal, Dennehy does not challenge the trial court's determination that the corroborating expert witness affidavits were legally insufficient. Nor does Dennehy challenge the trial court's dismissal of the original complaint. Dennehy does, however, contend that the trial court erred in dismissing her complaint with prejudice. We agree.

Ordinarily, "a dismissal with prejudice should not be ordered without giving the plaintiff an opportunity to amend the defective pleading, unless it is

3

apparent that the pleading cannot be amended to state a cause of action." *Kairalla v. John D. & Catherine T. MacArthur Found.*, 534 So. 2d 774, 775 (Fla. 4th DCA 1988). "Where a party *may* be able to allege additional facts to support its cause of action or to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion." *Kaplay v. Borchers*, 714 So. 2d 1217, 1218 (Fla. 2d DCA 1998) (emphasis added).

Here, Dennehy timely raised the argument that she may be able to allege additional facts to support her cause of action. The record before the trial court was insufficient to support the conclusion that it would be futile to afford Dennehy an opportunity to amend her complaint—particularly given that Dennehy had not abused the opportunity to seek to file an amended complaint. *See Cent. Fla. Inv., Inc. v. Levin*, 659 So. 2d 492, 493 (Fla. 5th DCA 1995) ("A dismissal with prejudice should not be ordered without giving the party offering the defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended so as to state a cause of action."). Accordingly, the trial court erred in dismissing Dennehy's complaint with prejudice.

On remand, the trial court is directed to afford Dennehy leave to amend her complaint.

4

REVERSED and REMANDED.

COHEN and EISNAUGLE, JJ., concur.