# Third District Court of Appeal

## State of Florida

Opinion filed May 24, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0754
Lower Tribunal No. 19-186-K
_____


**James Crawford, et al.,**
Appellants,

vs.

**Monroe County, et al.,**
Appellees.


An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Kevin Hoyes, Attorney, PA, and Kevin Michael Hoyes, for appellants.

Bob Shillinger, County Attorney and Cynthia L. Hall, Assistant County Attorney, for appellee Monroe County; Bryant Miller Olive P.A., and Frederick J. Springer (Tallahassee) and Elizabeth W. Neiberger, for appellee Florida Keys Aqueduct Authority.


Before SCALES, MILLER and BOKOR, JJ.

PER CURIAM.

This appeal involves a convoluted procedural history, including amended and supplemental complaints, disqualification of a trial judge, reconsiderations of prior orders, and conflicting orders of dismissal and orders permitting amendment that seem near impossible to reconcile. Because, in examining the record, we conclude that Crawford and the other appellants didn't abuse the privilege to amend, they should be permitted to file an amended complaint.

The privilege to amend has not been abused, and an opportunity to amend would not be futile on its face or prejudice the opposing party. GEICO Gen. Ins. Co. v. A & C Med. Ctr., Inc., 357 So. 3d 233, 234–35 (Fla. 3d DCA 2023); see also Fla. Nat'l Org. for Women, Inc. v. State, 832 So. 2d 911, 915 (Fla. 1st DCA 2002) (reversing and remanding dismissal with prejudice in part where "Appellants have not abused their privilege to amend, and there is no showing that an amendment would prejudice Appellees"); Obenschain v. Williams, 750 So. 2d 771, 772–73 (Fla. 1st DCA 2000) ("Dismissal with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action."). To the contrary, a dismissal without prejudice and a new, single amended complaint would move the matter toward resolution by cutting through the

procedural morass and allow consideration of one pleading. We remand with instructions to dismiss the operative complaint and supplemental complaint without prejudice, and allow appellants an opportunity to file a single, amended complaint. We note, however, that we take no position on the merits of any claims that may be alleged.

Affirmed in part, reversed in part, and remanded with instructions.