# Third District Court of Appeal

## State of Florida

Opinion filed July 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1398
Lower Tribunal No. 21-22278
_____

**King David of Sunny Isles Condominium Association, Inc.,**
Appellant,

vs.

**Alex Bushoy, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Gursky Ragan, P.A., and Darrin B. Gursky and Simon T. Garcia, for appellant.

Koss Law Firm P.A., and Jeremy A. Koss; Gonzalez Law Offices, P.A., and Anthony Gonzalez, for appellees.

Before LINDSEY, LOBREE and BOKOR, JJ.

BOKOR, J.

In this appeal of a dismissal of a complaint with prejudice for failure to state a cause of action, the plaintiff, King David of Sunny Isles Condominium Association, Inc. (the Association), challenges the dismissal of its claims against two of the Association's former directors, Alex Bushoy and Adelai Tineo. Because the trial court's basis for dismissal is unclear and the record does not reflect that the complaint could not be amended to properly state a cause of action, we reverse the dismissal with prejudice and remand for additional proceedings.

## FACTS AND PROCEDURAL HISTORY

The complaint alleges four identical counts each against both Bushoy and Tineo, including breach of contract, breach of fiduciary duty, gross negligence, and violations of the Condominium Act. The Association alleges that Bushoy and Tineo breached the condominium declaration and bylaws, as well as their statutory obligations under the Condominium Act, by serving as directors without being the owners of record of their units; failing to timely prepare annual financial reports and track expenditures; approving the sale of a unit at below market value; suspending the voting rights of a unit owner without providing requisite notice; failing to provide financial statements upon request from a unit owner; allowing a debit card issued in the name of the

2

Association to be used to pay Association expenses; and failing to provide written notice to unit owners in advance of a board meeting.

In response, Bushoy and Tineo moved to dismiss with prejudice, alleging that they were immune from liability in their individual capacity and that the Association had failed to receive the approval of 75% of its members prior to bringing any action, as required by the condominium bylaws. After a hearing, the trial court initially granted dismissal as to the claims against Bushoy without prejudice and allowed the Association five days to amend the complaint, but its order nonetheless stated, as its only finding, that "[t]he Court believes that any amendment to the Amended complaint would be futile." The court subsequently dismissed with prejudice as to the claims against Tineo without explanation, denied the Association's motion for extension of time to amend as to Bushoy, and dismissed with prejudice as to Bushoy as well after the Association failed to amend the complaint within five days. This appeal followed.

## ANALYSIS

"Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review." Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So. 2d 204, 206 (Fla. 3d DCA 2003). "When determining the merits of a motion to

3

dismiss, the trial court's consideration is limited to the four corners of the complaint, the allegations of which must be accepted as true and considered in the light most favorable to the nonmoving party." Id.

> Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action. Instead, the pleader should be given an opportunity to amend the defective pleading. A court should not dismiss a complaint with prejudice if it is actionable on any ground. Dismissal with prejudice is an abuse of discretion where a pleader may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory. The opportunity to amend the complaint should be liberally given and should not be denied unless the privilege has been abused.

Obenschain v. Williams, 750 So. 2d 771, 772–73 (Fla. 1st DCA 2000) (citations omitted); see also Vorbeck v. Betancourt, 107 So. 3d 1142, 1147 (Fla. 3d DCA 2012).

The fact that the Association failed to allege receiving the approval of 75% of its members prior to bringing the action did not support dismissal with prejudice. While dismissal is appropriate when, as here, a complaint fails to allege compliance with a binding condition precedent to litigation, such dismissal should generally be with leave to amend, unless such amendment would be futile on its face. See Williams v. Campagnulo, 588 So. 2d 982, 983 (Fla. 1991); City of Coconut Creek v. City of Deerfield Beach, 840 So. 2d 389, 393 (Fla. 4th DCA 2003). Moreover, "[i]n pleading the performance

4

or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fla. R. Civ. P. 1.120(c). Thus, dismissal with prejudice was unwarranted for this reason.[1]

Alternatively, to the extent the trial court found that dismissal with prejudice was appropriate on immunity grounds, we conclude that the allegations in the complaint were not facially insufficient to sustain any claims against Bushoy and Tineo in their individual capacity. "[C]ondominium association directors are immune from liability in their individual capacity, absent fraud, criminal activity or self-dealing/unjust enrichment." Perlow v. Goldberg, 700 So. 2d 148, 149 (Fla. 3d DCA 1997); see also Sonny Boy, LLC v. Asnani, 879 So. 2d 25, 29 (Fla. 5th DCA 2004) (affirming denial of leave to amend where complaint "alleged failure to conduct maintenance and

---

[1] While the basis for the trial court's dismissal with prejudice as to Bushoy is unclear, to the extent this dismissal was based on the Association's failure to timely amend its complaint after the initial dismissal without prejudice, we note that this was also not a proper basis for dismissal with prejudice, as the trial court did not notify the Association that the complaint would be dismissed with prejudice for failing to amend within the time provided in the initial dismissal. See Neu v. Turgel, 480 So. 2d 216, 217 (Fla. 3d DCA 1985) ("Once a court has dismissed a complaint with leave to amend, it cannot subsequently dismiss with prejudice for failure to timely amend unless (1) separate notice is given to plaintiff of the hearing on the motion to dismiss with prejudice, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice.").

5

repairs, allegations which are not indicative of fraud, self-dealing or unjust enrichment"); § 607.0831(1), Fla. Stat. (providing exceptions to general rule that "[a] director is not personally liable for monetary damages to the corporation"); § 617.0834(1)(b), Fla. Stat. (providing that directors of nonprofit organizations are not personally liable for official actions except where a breach of their duties as an officer or director constitutes "[a] violation of the criminal law," "[a] transaction from which the officer or director derived an improper personal benefit, directly or indirectly," or "[r]ecklessness or an act or omission that was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property"); § 718.303(1)(d) (allowing actions at law or equity against "[a]ny director who willfully and knowingly fails to comply with" the condominium documents or Chapter 718).

Though the operative complaint does not allege fraud, self-dealing, or unjust enrichment, it does allege that Bushoy and Tieno improperly allowed a third party to use a debit card issued in the name of the Association for payment of Association expenses. This claim is predicated on section 718.111(15), Florida Statutes, which provides in its entirety:

> (a) An association and its officers, directors, employees, and agents may not use a debit card issued in the name of the association, or billed directly to the association, for the payment of any association expense.

6

(b) Use of a debit card issued in the name of the association, or billed directly to the association, for any expense that is not a lawful obligation of the association may be prosecuted as credit card fraud pursuant to s. 817.61.

Thus, as the initial complaint may be amenable to an appropriate amendment, if warranted, the trial court should not have dismissed with prejudice at this time. We therefore reverse and remand for the Association to be given leave to amend the complaint.

Reversed and remanded.