WENTWORTH, Judge.
Appellants seek review of a final order of the Department of State, Division of Licensing, by which appellants were found to be in violation of the statute governing the licensing of private investigators and were ordered to cease performing any private investigative work. We find that the department failed to sufficiently inform appellants of the charges against them before issuing its final order and reverse.
After an inquiry into the activities being conducted by appellants’ business, the department determined in October 1987 that the business was being operated as a private investigative agency without the benefit of an appropriate license from the state. In April 1988, the department filed an administrative complaint against appellants which alleged certain statutory violations as follows:
[Appellants] are in violation of Chapter 493, Florida Statutes, in that [appellants] did commit the following prohibited act: An investigation conducted by [the Division of Licensing] from October, 1987 until February, 1988, revealed that [appellants] are operating a private investigative agency without the benefit of a Class “A” Private Investigative Agency License ... [Appellants], John Totura and Jacquelyn Totura, are working as private investigators without the benefit of a Class “C” Private Investigator License. [Appellants] are in violation of Sections 493.319(l)(g) and 493.304(3), Florida Statutes.
[[Image here]]
In accordance with Section 120.57(1), Florida Statutes, prior to disposition of this matter, [appellants] have a right to request a formal hearing if there is a dispute of the material facts alleged herein.
[[Image here]]
[Appellants] shall complete and return the enclosed Election of Rights form within 21 days of receipt. Failure to return the Election of Rights form within 21 days will result in the imposition of a penalty by final order.
Within 21 days of the receipt of this complaint, appellants responded as follows: “We deny the allegations in your latest correspondence, and demand strict proof.” The department wrote appellants a second time, .finding that appellants’ denial of the allegations against them “does not satisfy statutory requirements” and demanding that appellants be “more specific concerning the issues in dispute.” The department requested that appellants “send this information to the department within 10 days of receipt of this letter, along with the Elections of Rights form provided herein.”
After receiving no further correspondence from appellants, the Division of Licensing entered its final order. This final order incorporated the administrative complaint by reference and found that the complaint had adequately informed the Toturas both of their right to elect a hearing pursuant to Chapter 120 and the resulting waiver of that right if no election were made. The final order recites:
[Appellants] did request a hearing under Section 120.57, Florida Statutes, however, the request did not satisfy statu *274 tory requirements. [Appellants] were notified ... that the request did not meet statutory requirements and that the request must be more specific concerning the issues in dispute ... [Appellants] failed to respond to the request.
After concluding that appellants had not exercised their right to request a hearing, the department levied a fine against them, and they were ordered to cease performing any private investigative work until properly licensed.
Section 120.57(l)(b)2.d. provides that when an agency is to determine the substantial interests of a party in a proceeding, that party must receive notice which “shall include” the following:
[A] short and plain statement of the matters asserted by the agency and by all parties of record at the time notice is given. If the agency or any party is unable to state the matters in sufficient detail at the time initial notice is given, the notice may be limited to a statement of the issues involved, and thereafter, upon timely written application, a more definite and detailed statement shall be furnished....
The purpose behind this requirement has been described as “giving usually uncoun-seled citizens the fair notice of what is facing them to which they are entitled in all their dealings with government.” Guerra v. State, Dept. of Labor & Employment Security, 427 So.2d 1098, 1101 n. 4 (Fla. 3d DCA 1983). In addition, an agency must grant an affected party a clear point of entry, within a specified time after some recognizable event in investigatory proceedings, to proceedings under section 120.-57. Capeletti Bros., Inc. v. State, Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978).
The administrative complaint provided to the Toturas asserted only in broad, indefinite terms that the Toturas were “operating a private investigative agency without the benefit of a Class “A” Private Investigative Agency License,” and were “working as private investigators without the benefit of a Class “C” Private Investigator License.” Although the complaint specified the statutes allegedly being violated, the Toturas were not provided with any factual allegations supporting or defining the charges. The complaint was thus insufficient to notify the Toturas of the issues in the proceeding against them.
The Toturas’ denial of the allegations in the complaint and a demand for “strict proof” should have been construed by the department as a timely request for a more definite and detailed statement of these charges, or in the alternative as a demand for evidentiary hearing on whatever issues could be pursued under the prior notice, subject to further specification on request by appellants. It was incumbent on the department at this point either to recognize the response as such a demand or to provide appellants with sufficient information to apprise them of the specific charges against them thereby perfecting their “point of entry.” Under these circumstances, the department was premature in determining that appellants had waived a clear point of entry by their failure to make an adequate request for a hearing. The department’s issuance of a final order against the Toturas was therefore in error.
The order is reversed and the cause remanded.
ERVIN and ZEHMER, JJ., concur.