828 So.2d 1091 (2002)
William Shane SCOTT, Appellant,
v.
DEPARTMENT OF STATE, Division of Licensing, Appellee.
No. 2D01-5599.
District Court of Appeal of Florida, Second District.
November 1, 2002.
*1092 Penelope T. Bryan and Karen A. Monteros of Rahdert, Steele & Bryan, P.A., St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan B. Bodell and M. Catherine Lannon, Assistant Attorneys General, Tallahassee, for Appellee.
CASANUEVA, Judge.
William Shane Scott appeals from an administrative order of the Division of Licensing, revoking his security guard licenses and imposing fines upon him for impersonating a law enforcement officer and otherwise committing misconduct in the practice of regulated activities. We reverse and remand for a full evidentiary hearing.
When Mr. Scott was informed by the Division's administrative complaint of the charges against him, he filed a petition for hearing, which was dismissed by the Division with leave to amend because Mr. Scott allegedly failed to show how the intended disciplinary action would affect his substantial interests and failed to furnish the Division with sufficient specific facts to demonstrate that the proposed discipline was not appropriate. Mr. Scott thereafter made several other attempts to amend his petition in order to receive a formal hearing, but he was ultimately unsuccessful and received only an informal hearing at which he was unable to appear.
Upon our review of the record and the applicable rules and statutes, we hold that the Division erred when it refused Mr. Scott's request for a full hearing. Mr. Scott affirmatively denied the substantive factual allegations in the complaint. He claimed that he never impersonated an officer and thus squarely contradicted the key allegation against him. Furthermore, the Division's actions violated section 120.60(5), Florida Statutes (2000), which prohibits the revocation or suspension of any license "unless the licensee has been given an adequate opportunity to request a proceeding pursuant to ss. 120.569 and 120.57." Mr. Scott's request for a formal administrative hearing complied *1093 with rule 28-107.004(3), Florida Administrative Code, which was the specific rule applicable in this licensing revocation case. The Division's repeated denials of Mr Scott's requests for a formal hearing before imposing the proposed discipline constituted an error that materially impaired the fairness of the subsequent proceedings.
Accordingly, we reverse and remand with directions for the Division to hold a full evidentiary hearing on this matter.
ALTENBERND and NORTHCUTT, JJ., concur.