870 So.2d 834 (2003)
BROOKWOOD EXTENDED CARE CENTER OF HOMESTEAD, LLP, d/b/a Brookwood Gardens Convalescent Center, Appellant,
v.
AGENCY FOR HEALTHCARE ADMINISTRATION, Appellee.
No. 3D02-3060.
District Court of Appeal of Florida, Third District.
August 13, 2003.
*835 Powell & Mack and Theodore E. Mack, Tallahassee, for appellant.
Gregory J. Philo, Tallahassee, for appellee.
*836 Before COPE, SHEVIN, and WELLS, JJ.
WELLS, Judge.
Brookwood Extended Care Center of Homestead, LLP, d/b/a Brookwood Convalescent Center appeals from a final order denying its request for an administrative hearing. We reverse.

A. AHCA's Survey
On April 12, 2002, the Agency for Health Care Administration ("AHCA"), the state agency responsible for licensing and regulating nursing homes, conducted its annual regulatory survey inspection of Brookwood, a licensed nursing home. Following that survey, AHCA issued a detailed forty-eight page Statement of Deficiencies (a Form 2567-L), detailing fact-based instances of psychological abuse; lack of supervision and interventions to prevent wandering and aggressive behaviors; failure to investigate allegations of abuse, neglect and mistreatment; failure to ensure residents' dignity and sense of individuality; failure to provide appropriate and effective activities to meet the needs of cognitively impaired residents; failure to maintain a clean environment; failure to keep the noise level tolerable; failure to individualize care plans for bladder and bowel management and to address aggressive, violent, and transitory behavior; failure to provide adequate nursing staff to prevent some residents from physically and psychologically abusing other residents; failure to ensure sanitary procedures to prevent food-borne illnesses; and failure to use administrative resources effectively to ensure appropriate and adequate interventions to prevent some residents from abusing others.
Based on observations and interviews with residents at Brookwood during the survey, AHCA determined that conditions at Brookwood presented a threat to the health, safety and welfare of the residents and imposed an immediate moratorium on new admissions to the facility. AHCA also filed a three count administrative complaint against Brookwood alleging that based on the annual survey, observations, interviews and record review, the facility failed (1) "to ensure that there was sufficient staff to provide nursing and related services to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident" as required by law; (2) "to assess appropriate interventions and implement procedures to protect residents from occurrences of neglect and lack of supervision of residents with wandering and aggressive behaviors who have access to all areas of the facility"; and (3) "to use its resources effectively and efficiently to deter 17 wandering residents identified by the facility from going into other resident rooms uninvited and to prevent 10 facility identified abusive residents from physically and mentally abusing other residents." The complaint, which detailed many of the facts stated in the Form 2567-L Statement of Deficiencies, sought assessment of a $6,000 survey fee, issuance of a conditional license, and imposition of a $75,000 administrative fine. The complaint expressly advised Brookwood of its right to request an administrative hearing under sections 120.569 and 120.57 of the Florida Statutes and attached an explanation of rights.

B. Brookwood's Petition for Administrative Review
In response to AHCA's thirty-seven page complaint and forty-eight page Statement of Deficiencies, Brookwood filed a two-and-one-half page Petition for Formal Administrative Hearing to which copies of AHCA's survey, the Statement of Deficiencies, moratorium order, and complaint were attached. That petition, in pertinent part, generally denied "each and every *837 factual allegation set forth in the Statement of Deficiencies, the Order of Immediate Moratorium and the Administrative Complaint," and alleged "that the ultimate facts will show that at all times pertinent to the licensure survey [Brookwood] was in compliance with all aplicable [sic] laws and regulations."
In response to this Petition, AHCA issued an order to show cause to Brookwood advising that no administrative hearing could be granted from the Order of Immediate Moratorium, and because the Statement of Deficiencies Form 2567-L did not constitute agency action, it would not support administrative review. Brookwood was advised that its request for formal hearing relating to the Administrative Complaint failed to satisfy the requirements of Rule 28-106.201(2) of the Florida Administrative Code, which requires that formal hearing requests contain a "statement of all disputed issues of material fact" and a "concise statement of the ultimate facts ... including the specific facts the petitioner contends warrant reversal or modification of the agency's proposed action."
Rather than amending its petition to satisfy the requirements of Rule 28-106.201, Brookwood took issue with AHCA's demand that Brookwood detail which facts were in dispute and that Brookwood identify the facts that it contended warranted reversal or modification of ACHA's proposed action. Brookwood's counsel wrote to the agency:
Finally, these form orders to show cause started appearing under one of your predecessors. I had hoped that they were gone with her demise. As is obvious from this letter, I have a problem with the way the current AHCA administration is trying to thwart the administrative hearing process. The requirements of Rule 28-106.201, F.A.C. are meant to allow the agency to identify the agency action being challenged. It is not a discovery process or a means of limiting the issues being challenged. When an agency issues a complaint, it is the party setting out the facts. When I file my petition on a complaint, I merely have to state that I deny those facts. There is no reason for me to restate every fact already listed in the complaint. It is ridiculous for the agency to argue that it does not know what facts are at issue when the agency is the one who set out the facts in its complaint.
At the point in time that I file a petition, there has been no discovery, so I cannot state that certain facts are not in dispute. Once the matter is at DOAH and discovery and pretrial discussions have taken place, the issues not in dispute are weeded out. That is the purpose of the administrative hearing process. When I know that there are only certain issues that my client disputes, I identify those in the petition. But when we are disputing the entire agency action that is based on all of the underlying facts stated in the complaint, I have the right to dispute all of the facts and state concisely that I dispute all of the facts alleged. By doing so, I have identified all of the specific facts (as set forth in the complaint) that warrant reversal. Please also note that contrary to what your attachment says, there is no requirement in the rule that I provide a statement of the facts as my client "perceives them to be".[1]
In response to this letter, AHCA amended its order to show cause to eliminate any *838 confusion over whether Brookwood had timely petitioned for administrative relief and again advised Brookwood that it had to comply with the requirements of Rule 28-106.201(2) or its petition would be dismissed. Brookwood responded by filing a petition virtually identical to its first bare-bones petition and prefaced it with the statement that:
Brookwood is only filing this amended petition because AHCA has threatened to deny its request for a hearing alleging that its petition was not legally sufficient. AHCA is attempting to deny Brookwood's right to a hearing based on legal pleading technicalities. AHCA knows what facts and law are at issue because AHCA stated the relevant facts and law in its order of moratorium and complaint in this matter which were attached to Brookwood's petition. The purpose of setting forth facts and law in a petition is to put the agency on notice of the matter in dispute. The purpose of a petition is not to limit the facts that Brookwood wishes to challenge at hearing or to force Brookwood to set forth its position before it has had a chance to implement discovery. AHCA issued the petition, AHCA knows what the facts are. The only possible reason for AHCA to question Brookwood's petition is to deny Brookwood a hearing on matters that AHCA knows that it cannot defend at hearing.
On October 11, 2002, Brookwood's petition for administrative hearing was denied; it was ordered to pay $81,000 (the $75,000 fine and $6,000 in costs) to AHCA. Brookwood appeals. For the following reasons, we reverse.

C. Under the One Dismissal Rule, Brookwood May (and Must) Still Amend
Brookwood claims that its denial of all of the facts alleged in the administrative complaint and moratorium order and its statement that all of the facts detailed in these documents were "untrue and warranted reversal," combined with its attachment and incorporation of these documents to its petition for administrative hearing, constitute substantial compliance with the requirements of subparagraph 120.54(5)(b)4 of the Florida Statutes and Rule 28-106.201(2) of the Florida Administrative Code. See Accardi v. Dep't of Envtl. Protection, 824 So.2d 992, 996 (Fla. 4th DCA 2002). They do not.
Section 120.54, Florida Statutes (2003), provides in pertinent part:
(5) Uniform rules.
(a)1. By July 1, 1997, the Administration Commission shall adopt one or more sets of uniform rules of procedure.... The uniform rules shall establish procedures that comply with the requirements of this chapter....
* * *
(b) The uniform rules of procedure adopted by the commission pursuant to this subsection shall include, but are not limited to:
* * *
4. Uniform rules of procedure for the filing of petitions for administrative hearings pursuant to s. 120.569 or s. 120.57. Such rules shall require the petition to include:
a. The identification of the petitioner.
b. A statement of when and how the petitioner received notice of the agency's action or proposed action.
c. An explanation of how the petitioner's substantial interests are or will be affected by the action or proposed action.
d. A statement of all material facts disputed by the petitioner or a *839 statement that there are no disputed facts.
e. A statement of the ultimate facts alleged, including a statement of the specific facts the petitioner contends warrant reversal or modification of the agency's proposed action.
f. A statement of the specific rules or statutes that the petitioner contends require reversal or modification of the agency's proposed action, including an explanation of how the alleged facts relate to the specific rules or statutes.
g. A statement of the relief sought by the petitioner, stating precisely the action petitioner wishes the agency to take with respect to the proposed action.
(Emphasis added).
Relatedly, section 120.569, Florida Statutes (2003) provides:
(c) Unless otherwise provided by law, a petition or request for hearing shall include those items required by the uniform rules adopted pursuant to s. 120.54(5)(b)4. Upon the receipt of a petition or request for hearing, the agency shall carefully review the petition to determine if it contains all of the required information. A petition shall be dismissed if it is not in substantial compliance with these requirements or it has been untimely filed....
(Emphasis added).
Likewise, Rule 28-106.201 of the Florida Administrative Code, outlining "Initiation of Proceedings" provides:
(2) All petitions filed under these rules shall contain:
(a) The name and address of each agency affected and each agency's file or identification number, if known;
(b) The name, address, and telephone number of the petitioner; the name, address, and telephone number of the petitioner's representative, if any, which shall be the address for service purposes during the course of the proceeding; and an explanation of how the petitioner's substantial interests will be affected by the agency determination;
(c) A statement of when and how the petitioner received notice of the agency decision;
(d) A statement of all disputed issues of material fact. If there are none, the petition must so indicate;
(e) A concise statement of the ultimate facts alleged, including the specific facts the petitioner contends warrant reversal or modification of the agency's proposed action;
(f) A statement of the specific rules or statutes the petitioner contends require reversal or modification of the agency's proposed action; and
(g) A statement of the relief sought by the petitioner, stating precisely the action petitioner wishes the agency to take with respect to the agency's proposed action.
(Emphasis added).
Fla. Admin. Code R. 28-106.201 ("Initiation of Proceedings"); see Fla. Admin. Code R. 59-1.018 (AHCA providing: "The Uniform Rules of Procedure are adopted").
AHCA relies on the above stated rules and statutory provisions as supporting its decision. Brookwood's counsel answers with a recalcitrant insistence that in previous years the unrefined denials such as the one he asserted below sufficed to secure hearings on agency actions. The simple answer to this is that the rules have changed. In 1998, the Florida Legislature amended section 120.54 to add subparagraph (5)(b)4. See ch. 98-200, § 3, at *840 1830-31, Laws of Fla. Section 120.569, was likewise amended at that time to reflect the mandatory nature of section 120.54. The agency thereafter amended its rules. The amended statute and rules are crystal clear. In a proceeding governed by Rule 28-106.201, the burden is now on the person or entity petitioning for an administrative hearing to state the ultimate facts, to identify the facts that are in dispute, and to allege the facts that warrant, in the petitioner's opinion, reversal.[2]See also ch. 03-94, § 2, Laws of Fla. (enacted after the final order in the instant case and further amending section 120.54(5)(b) 4 to expressly "require the petition to include" a statement of disputed facts and the ultimate facts warranting reversal) (emphasis added). General denials and non-specific allegations of compliance will no longer suffice.
Brookwood's suggestion that rather than dismissing its petition, AHCA should have passed it on to DOAH to permit DOAH to rule on the sufficiency of its petition is also behind the times. As observed in The Florida Bar, Florida Administrative Practice § 4.7, at 4-11 (6th ed.2001):
Although more latitude previously had been given, see, e.g., Anthony Abraham Chevrolet Co. v. Collection Chevrolet Co., 533 So.2d 821 (Fla. 1st DCA 1988), 1998 revisions to the APA now require agencies to review petitions for compliance with these requirements before forwarding them to DOAH. F.S. 120.569(2)(c)-(2)(d).... Before the 1998 revisions, agencies commonly would refer deficient petitions to DOAH and address defects through motions to the administrative law judge. This procedure no longer is allowed.
AHCA properly refused to pass Brookwood's deficient petition on to DOAH.
In addition to its claim that the specificity at issue had never been required in the past, is Brookwood's final salvo that the discovery necessary to draft a petition for a hearing with the specificity required in the uniform rules and Rule 28-106.201(2), has not yet occurred at the early stage of the proceedingswithin 21 days of receipt of written notice of the agency's decision when the petition is required, thus making the task impossible and illogical. See Fla. Admin. Code R. 28-106.111(2).
The response to this point is two fold. First, a time extension is generally available to permit the investigation necessary to draft a petition. See Fla. Admin. Code R. 28-106.111(3)("[a]n agency may, for good cause shown, grant an extension of time for filing an initial pleading"); Fla. Admin. Code R. 28-106.204(5)("[m]otions for extension of time shall be filed prior to the expiration of the deadline sought to be extended and shall state good cause for the request"). And statements made at this point of entry into the proceedings generally will not bar subsequent amendment of the petition. See Fla. Admin. Code R. 28-106.202.
Second, as conceded by counsel, there will in most instances be at least some factual determinations undisputed by the petitioner seeking a hearing. Just as the agency is obligated to give citizenry "fair notice" of the charges being faced, see Totura v. Department of State, 553 So.2d 272, 273 (Fla. 1st DCA 1989), it is fair to narrow the factual matters in dispute and alert the agency to the undisputed aspects of the charges at issue. Considering the *841 costs associated with any agency action, an effort to tailor those expenses while still providing a full and fair opportunity to be heard, cannot be faulted. Thus, we find application of the rule both logical and entirely capable of being accomplished.
In sum, AHCA properly found Brookwood's hearing request to be legally insufficient. Brookwood's initial hearing request amounted to no more than a conclusory statement disputing every fact and legal conclusion no matter how perfunctory. Its amended request did little more than reiterate its earlier response. While a petitioner's efforts to comply with the above stated statutory requirements should be viewed for substantial compliance so as to allow the opportunity for a hearing and resolution of the matter on its merits,[3] the agency in this case was faced with no more than a Petitioner's insistent refusal to follow the above stated statutory provisions. See McIntyre v. Seminole County Sch. Bd., 779 So.2d 639 (Fla. 5th DCA 2001)(where only item employee failed to include in hearing request was how he became aware of School Board's action, the deficiency would not be deemed dispositive, and employee's letter was sufficient to meet the minimum requirements listed in section 120.54(5)(b) 4 for a hearing request).
Despite Brookwood's noncompliance, we conclude that the facility should be accorded the opportunity to conform its petition to the "uniform rules." Section 120.569 authorizes such action, as it instructs "[d]ismissal of a petition shall, at least once, be without prejudice to petitioner's filing a timely amended petition curing the defect, unless it conclusively appears from the face of the petition that the defect cannot be cured." (Emphasis added). Rule 28-106.201 similarly provides that dismissal of a petition for non-compliance with the rule shall "at least once, be without prejudice to petitioner's filing a timely amended petition curing the defect." Fla. Admin. Code R. 28-106.201 ("Initiation of Proceedings"); see Fla. Admin. Code R. 59-1.018 (AHCA providing: "The Uniform Rules of Procedure are adopted").
Here, the action was dismissed only once, that being after issuance of the second (the amended) order to show cause and the amended response. Brookwood is, therefore, still entitled to one more chance to comply with the rules. Taking Brookwood's counsel at his word, the petition's insufficiencies were the result of counsel's past experience as to the showing necessary to secure a hearing, rather than any effort to thwart, violate, or evade the law.
Accordingly the order under review is reversed and the matter is remanded for Brookwood to file a petition for hearing in compliance with subparagraph 120.54(5)(b)4, Rule 28-106.201, and the statements made herein.
SHEVIN, J., concurs.
COPE, J. (specially concurring).
I agree on the ultimate result, but write separately to address the responsibilities of agencies in considering requests for a *842 formal hearing, and to suggest that the Legislature needs to amend the statute.

I.
Without realizing it was doing so, the Legislature has created a system that is hazardous to those who want to request an administrative hearing.
In the present case, the Agency for Health Care Administration ("AHCA") filed an administrative complaint against Brookwood Extended Care Center in which it sought to impose an administrative fine of $81,000.
Under the current version of the Administrative Procedure Act ("APA"), Brookwood's request for a formal hearing was processed by AHCAthe very agency which desired to impose the administrative fine.
AHCA replied to the request for hearing by sending Brookwood a form saying the request for an administrative hearing was not good enough. AHCA did this even though Brookwood asserted that it disputed every fact set forth in the administrative complaint.
Brookwood filed an amended petition for administrative hearing.
AHCA decided that the amended petition did not contain sufficient particularity as required by paragraph 120.569(2)(c), Florida Statutes (2002). AHCA denied the petition for administrative hearing and entered a final order assessing a fine of $81,000 against Brookwood.
There is an inherent conflict of interest in this system. The administrative agency which wishes to assess the administrative penalty is the same agency which is allowed to deny a hearing outright, simply on the basis of deficienciesreal or imaginedin the petition for administrative hearing.
AHCA advised us at oral argument that the agency clerk takes paragraph 120.569(2)(c), Florida Statutes (2002) to be a legislative mandate to dismiss petitions for hearing which do not comply with the statute. I have no quarrel with the idea that the statutes must be obeyed, but if the agency which is assessing the administrative fine is also the agency determining the right to a hearing, then the agency's power to deny a hearing must be carefully circumscribed.

II.
It goes without saying that the due process clause of the Federal and Florida Constitutions applies in administrative hearings. See, e.g., Cherry Communications, Inc. v. Deason, 652 So.2d 803, 804 (Fla.1995); United Ins. Co. v. State Dept. of Ins., 793 So.2d 1182, 1183 (Fla. 1st DCA 2001). Litigants are entitled to fair notice and an opportunity to be heard before a fine or other administrative penalty is imposed upon them.
Because of due process considerations, if there is any doubt about the sufficiency of the petition, the doubt must be resolved in favor of granting the administrative hearing.
This also follows from the wording of the statute itself. The statute allows dismissal only if the petition "is not in substantial compliance with these requirements...." § 120.569(2)(c), Fla. Stat. (emphasis added); see also id. § 120.569(2)(d). The statute requires the agency to look at the substance of the petition. Substantial compliance, not perfect compliance, is all that is required. Nitpicking and hypertechnical reading of petitions are not allowed.
Measured against a substantial compliance standard, the Brookwood petition for administrative hearing was, in my view, legally sufficient. While I agree with the *843 majority that a general denial is not appropriate in proceedings of this type, the substance of the dispute is clear. The propriety of the administrative fine is going to hinge on factual determinations and factual inferences regarding the conditions at Brookwood at the time of the inspection.
The next problem in this case is what I must characterize as a double standard employed by AHCA. AHCA's reason for rejecting the petition for hearing was its conclusion that the petition for hearing was insufficiently particularized. However, AHCA itself failed to give the litigant any particularity in rejecting the petition.
After Brookwood requested the administrative hearing, it received a form on which AHCA had checked the following item:
The request for hearing was legally insufficient.
Please note: If this item is checked, the Agency recognizes that you requested a formal hearing pursuant to the provisions of Section 120.569 and 120.57(1), Florida Statutes. Your request, however, did not meet the requirements of Rule 28-106.201(2), Florida Administrative Code, as required by law and as noted on the Election of Rights form that you returned to the Agency. Since your request for hearing did not conform to the Rule, the Agency is required by law to deny it. See Section 120.569(2)(c), Florida Statutes.
You have time, however, to amend your request for hearing if it was received on time. Please ensure that the amended request includes the information required by Rule 28-106.201(2), Florida Administrative Code, and that the Agency Clerk receives the amended request on or before fifteen (15) days of the date on which the Agency Clerk signed this Order to Show Cause.
R. 108.
Attached to this form was a document which listed nine items which must be included in a request for a formal hearing. AHCA did not identify which item or items it had found to be insufficient. The agency also attached the text of Rule 28-106.201. Again, AHCA did not identify which item or items it deemed insufficient.
Litigants should not have to guess at their peril what is wrong with the petition for administrative hearing. If the agency thinks the petition is not sufficiently particularized, then the agency must likewise identify the deficiency with reasonable particularity.[4]

III.
In my view, the Legislature should revisit Section 120.569, Florida Statutes, in light of the due process concerns outlined above. Further, it seems advisable to amend the statute with regard to administrative action that is initiated by the filing of an administrative complaint.
The administrative complaint in this case is thirty-six pages long, with fifty pages of attachments, setting forth the facts said to support the imposition of the $81,000 fine. At oral argument AHCA acknowledged, and I agree, that it would be sufficient for the defendant to submit a document which set forth those paragraphs of the administrative complaint which were admitted, denied, or as to *844 which the defendant is without knowledge. The approach would, in other words, be similar to that which is followed under Florida Rule of Civil Procedure 1.110(c). To my way of thinking, such an approach would simplify the procedure for those agency actions which are initiated by administrative complaint.
The problem with the present version of section 120.569 is that it is a one-size-fits-all mechanism. The statute appears designed primarily for the situation in which an agency takes an action, such as a denial of a license, by writing the applicant a letter briefly setting forth the grounds for the denial. In that situation, if the applicant requests an administrative hearing, it is logical to require the applicant to file a petition for administrative hearing which spells out the nature of the dispute so as to allow a determination whether material facts are at issue which would require a referral to the Division of Administrative Hearings.
Where the agency proceeding is initiated by an administrative complaint, the situation is quite different. Where there is an administrative complaint, the agency has already identified the material facts which are said to support the disciplinary action. It does not serve any useful purpose to ask the litigant to draft another statement of the disputed issues of fact; it should be sufficient to identify only those portions of the administrative complaint which the defendant intends in good faith to dispute.
We were advised at oral argument that in general, if a litigant simply repeats all of the allegations of the administrative complaint in the petition for administrative hearing as disputed issues of fact, then AHCA will grant the petition and forward the case to the Division of Administrative Hearings. It is a waste of time and paper to have the identical factual matters stated twice: initially in the administrative complaint and then repeated in the petition for administrative hearing.

IV.
The courts and administrative officers should safeguard the constitutionally protected right to a fair hearing in the administrative process. The statute requires substantial compliance, not strict compliance, in submitting a petition for an administrative hearing. All doubt should be resolved in favor of granting an administrative hearing. A detailed reiteration of the facts contained in an administrative complaint is unnecessary; there only needs to be a brief specification of the facts which are controverted in good faith.
Statutory modification may well be warranted, especially as relates to administrative proceedings which are initiated by an administrative complaint.
NOTES
[1] This last comment came in response to ACHA's paraphrasing of the Administrative Code's requirements as obligating a petitioner to "list ... the facts in dispute" and to state the facts as the petitioner "perceives them to be."
[2] It should be noted that neither party to this appeal has suggested that this proceeding is governed by any rule other than 28-106.201.
[3] Brookwood's reliance on Scott v. Department of State, 828 So.2d 1091(Fla. 2d DCA 2002), to support its contention that it substantially complied with applicable administrative rules is misplaced. Scott involved the revocation of a license governed by Rule 28-107.004 which provides for administrative review of orders that "suspend, revoke, annul, or withdraw a license," and expressly states that "[t]he agency complaint shall be the petition [for administrative hearing]...." The administrative complaint in this case did not seek to suspend, revoke, annul or withdraw Brookwood's license. Thus, Rule 28-106.201, as both parties confirm, rather than Rule 28-107.004, applies.
[4] Although not raised as an issue in this case, I am hard pressed to see how the agency can deny a hearing outright. The point of paragraphs 120.569(2)(c) and (d) is to determine whether to refer the petition to the Division of Administrative Hearings. If there are no disputed issues of material fact, then it would appear that the litigant must nonetheless be given an informal hearing under subsection 120.57(2), Florida Statutes.