PER CURIAM.
Catherine Blackwood appeals the Florida Agency for Health Care Administration’s final order denying her request for an administrative hearing regarding the agency’s notice of intent to deny her license to operate an assisted-living facility.
On May 17, 2002, the Florida Agency for Health Care Administration (“AHCA”) sent Blackwood a notice of intent to deny indicating that: “St. Catherine T.L.C., Inc.’s assisted living facility (ALF) license renewal application is DENIED.”
As the basis for the denial, AHCA specified: “Pursuant to section 400.414(l)(f), Florida Statutes ... you do not meet the level 2 background screening requirements under section 435.04(4)(a), F.S., as evidenced by your being listed as a confirmed perpetrator of abuse, neglect or exploita *657 tion in Department of Children and Family Services, Final Order Case No. 98-3320C ... dated August 20,1999.”
Blackwood requested a formal administrative hearing and later filed an amended request in response to an order to show cause issued by AHCA.
AHCA entered a final order denying Blackwood’s request for hearing on October 22, 2002. As amended, the order stated that Blackwood received the notice of intent to deny on May 22, 2002 and AHCA received the request for hearing on June 17, 2002. It further stated that Black-wood’s response to AHCA’s order to show cause did not cure the noted defects. Because it found that Blackwood’s request for hearing was untimely filed and that she failed to cure the defects in her request for a hearing, AHCA denied a formal hearing.
AHCA was required to deny a hearing because the request was legally insufficient.
Section 120.569(2)(c), Florida Statutes (2001) provides that: “[u]nless otherwise provided by law, a petition or request for hearing shall include those items required by the uniform rules adopted pursuant to s. 120.54(5)(b)4.” AHCA stated in its notice of intent to deny that “[Blackwood’s] request for an administrative hearing must conform to the requirements in [rule] 28-106.201, Florida Administrative Code (F.A.C.), and must state the material facts [she] dispute[s].”
As AHCA noted, Blackwood’s amended request for a hearing failed to provide a “concise statement of the ultimate facts alleged, including the specific facts the petitioner contends warrant reversal or modification of the agency’s proposed action.” Fla. Admin. Code R. 28-106.201(2)(e); see also Brookwood Extended Care Ctr. of Homestead, LLP v. Agency for Healthcare Admin., 870 So.2d 834 (Fla. 3d DCA Aug.13, 2003). In neither her original request for a hearing, nor her amended request, did Blackwood address the specific statement in the notice of intent to deny, which stated that she was a confirmed perpetrator of abuse, neglect, or exploitation. AHCA properly denied Blackwood’s request for a hearing. See § 120.569(2)(c) (“A petition shall be dismissed if it is not in substantial compliance with these requirements or [if] it has been untimely filed.”) (emphasis added). Because we find that the denial was proper on this ground, we do not address the timeliness issue.
AFFIRMED.
GUNTHER and GROSS, JJ., concur.
FARMER, C.J., concurs in result only.