PER CURIAM.
W. Frank Wells Nursing Home (“the nursing home”) seeks review of a Final Order of Dismissal with Prejudice rendered by the Florida Agency for Health Care Administration (“AHCA”). The nursing home contends AHCA erred in concluding that a class III deficiency citation constituted preliminary agency action that is not reviewable in a section 120.57 hearing. We agree with this contention and conclude that a class III deficiency citation can, under certain circumstances, cause substantial injury to the recipient, entitling the recipient to a formal administrative hearing. Because AHCA erroneously believed that the citation of a class III deficiency in a Statement of Deficiencies could never form the basis for a section 120.57 hearing, it failed to address whether the nursing home had alleged a sufficient injury to show entitlement to a hearing in this specific instance. On appeal, AHCA argues that the nursing home would not be able to allege a sufficient injury based on the facts that gave rise to the citation. In turn, the nursing home contends that it could allege a sufficient injury through an amendment if given the opportunity to do so. We agree with the nursing home. Accordingly, we reverse AHCA’s order and remand the case for further proceedings consistent with this opinion.
The dispute underlying this appeal began in September 2006, when AHCA in *341 vestigated Appellant’s nursing home facility to determine whether it was compliant with the requirements for nursing homes participating in Medicaid and/or Medicare programs. As a result of the investigation, AHCA prepared a Statement of Deficiencies, also known as a Form 2567, finding that Appellant had violated section 400.0255(11), Florida Statutes, by failing to comply with the Baker Act discharge requirements of chapter 394, Florida Statutes. AHCA listed this violation as a class III deficiency and requested that Appellant formulate and return a plan of correction within ten days of receiving the Statement of Deficiencies.
Approximately five months later, Appellant filed a petition for a section 120.57 hearing. In the petition, Appellant stated that it disagreed with the facts set forth in the Statement of Deficiencies, noted that AHCA had levied a citation against its license, and listed its version of the facts. Appellant did not explain in the petition how a class III deficiency citation adversely affected its substantial interests. In response to the petition, AHCA issued a Final Order of Dismissal with Prejudice, ruling that the Statement of Deficiencies constituted an inspection report, which was investigatory in nature. Accordingly, the agency concluded that section 120.57 did not apply to the matter and that Appellant was not entitled to a formal hearing. In the order, the agency acknowledged that section 120.569(2)(c), Florida Statutes, requires the agency to provide a petitioner with an opportunity to correct or amend a deficient petition unless it conclusively appears from the face of the petition that the defect cannot be cured. Observing that the lack of entitlement to a hearing was not a curable defect, the agency dismissed Appellant’s petition with prejudice.
Under Florida law, a party whose interests are substantially affected by agency action is entitled to a section 120.57 hearing to resolve disputed issues of fact. See Menorah Manor, Inc. v. Agency for Health Care Admin., 908 So.2d 1100, 1104 (Fla. 1st DCA 2005). However, parties are not entitled to formal administrative hearings to settle issues of fact with regard to an agency’s preliminary investigations. § 120.57(5), Fla. Stat. (2007). In Menorah Manor, Inc. v. Agency for Health Care Administration, 908 So.2d 1100, 1102 (Fla. 1st DCA 2005), this Court specifically rejected the agency’s position that “a Form 2567, even though it may contain erroneous findings and can result in demonstrated harm to the recipient, can never be the subject of a 120.57 proceeding.” Thus, the preparation of a Statement of Deficiencies is agency action, which can be reviewed in a section 120.57 hearing, provided that the petitioner sets forth sufficient allegations to show entitlement to relief. See id. In this context, sufficient allegations would reveal that, as a result of the Statement of Deficiencies, the nursing home will suffer an immediate, substantial injury-in-fact and that the substantial injury is of a type or nature that the Legislature intended to protect when providing for section 120.57 hearings. See id. at 1104-05. When a petition does not contain sufficient allegations, the petitioner is entitled to at least one opportunity to cure this defect by an amendment to the petition. See id. at 1104.
The instant case is on point with Menorah Manor. In Menorah Manor, AHCA prepared a report that included findings that Menorah Manor, Inc. (“Menorah Manor”), a nursing home, was deficient in the area of food preparation. This report was prepared on Federal Form 2567. Under section 400.23(7)(d), Florida Statutes (2003), Menorah Manor was required to post the report “in a prominent place that is in clear and unobstructed public view at *342 or near the place where residents are being admitted to the facility.” Menorah Manor, 908 So.2d at 1102. Additionally, AHCA was required to send the information to various agencies that would make the information available to the public. See id. The information was made available on Web sites and was used as part of the basis for ranking Menorah Manor in comparison to other nursing homes. Id. Menorah Manor petitioned AHCA for a formal hearing to dispute its factual findings. Id. To support its request, Menorah Manor alleged that its reputation was being damaged by the dissemination of this information. Id. After AHCA denied the petition, Menorah Manor sought relief in this Court. See id. This Court held that because Menorah Manor had alleged injury to its reputation only, it failed to allege an injury sufficient to establish entitlement to a section 120.57 hearing. Id. However, this Court rejected the argument that Menorah Manor would be unable to cure the defect in its petition with an amendment. See id. at 1104-05. Accordingly, the Court reversed, instructing AHCA that Menorah Manor should be given an opportunity to amend its petition. Id.
It is unclear on the record before us whether AHCA was required to disseminate the information regarding its deficiency finding in the same way that it did in the dispute underlying Menorah Manor. However, as in Menorah Manor, AHCA’s preparation of a Statement of Deficiencies in this case is a reflection of the duties required of the agency under section 400.23. Here, the nursing home’s petition consists almost entirely of disputed factual allegations. The nursing home vigorously disputed AHCA’s class III deficiency citation, but it did not specifically explain in the petition how the citation adversely affected its substantial interests.[1] While we could speculate as to how the nursing home was adversely affected by the citation, we believe the better course would be to allow the nursing home to amend its petition and give AHCA another opportunity to consider the request. See E.S.B. v. State, 822 So.2d 579, 581 (Fla. 1st DCA 2002) (observing that “speculation cannot be the basis of appellate review”). Accordingly, we REVERSE the order under review and REMAND the case to AHCA with instructions to allow the nursing home an opportunity to amend its petition.
KAHN, PADOVANO, and LEWIS, JJ., concur.

. AHCA contends that the nursing home is not entitled to an opportunity to amend its petition because, unlike the nursing home in Menorah Manor, the nursing home in this case did not attempt to allege a substantial injury. This argument is unpersuasive. We believe that, although the nursing home did not take the extra step in its petition of tying the disputed facts to a particular type of injury, the nursing home intended to show that it was injured. Additionally, we believe it is immaterial whether the nursing home attempted but failed to allege a substantial injury or failed to attempt to allege a substantial injury.