PER CURIAM.
Appellants seek review of the dismissal with prejudice of their petition for an administrative hearing to challenge an alleged decision by the Florida Fish and Wildlife Conservation Commission “to backfill the navigation channel in Cowbone Marsh in Fisheating Creek,” which is sovereignty submerged land. We reverse because the order of dismissal is based on matters outside the four corners of the petition. However, because we agree with the Commission’s argument that the petition fails to sufficiently plead final agency action in its current form, we remand with directions that the Commission give Appellants an opportunity to amend their petition.
According to Appellants’ petition, the Commission manages the land surrounding Fisheating Creek under a lease from the Trustees of the Internal Improvement Trust Fund and, pursuant to that lease, is required to maintain and improve navigability throughout Fisheat-ing Creek, including the navigation channel in Cowbone Marsh. Appellants claimed they received an e-mail from the Commission indicating that the Commission had made a decision to backfill the navigation channel. The petition characterizes the anticipated backfilling as both a “proposed action” and a “decision.” It does not provide the language of the e-mail or give any additional information about the nature of the “proposed action” or “decision.” It does, however, argue that such backfilling would exceed the Commission’s authority, violate the terms of the Commission’s lease with the Trustees, and affect Appellants’ substantial interests.
The Commission dismissed Appellants’ petition with prejudice on the ground that no final agency action had occurred because the Commission is engaged in ongoing planning with various federal and state *130 agencies relating to the navigation channel in Cowbone Marsh in Fisheating Creek. The Commission explained that the planning is a result of an “enforcement action” and that any final agency action arising from the enforcement action would be that of the Florida Department of Environmental Protection. For these reasons, the Commission determined that the petition contains uncorrectable defects.
Our review is de novo. See Sickon v. Sch. Bd. of Alachua County, Fla., 719 So.2d 360, 362 (Fla. 1st DCA 1998). In considering the dismissal of a petition for a hearing under section 120.57, Florida Statutes, an agency must “accept as true the factual allegations of the petitions and may not consider any factual matters outside the amended petitions.” St. Francis Parkside Lodge of Tampa Bay v. Dep’t of Health & Rehabilitative Servs., 486 So.2d 32, 34 (Fla. 1st DCA 1986).
Florida Administrative Code Rule 68-1.008(2) provides that the rights provided in chapter 120, Florida Statutes, “shall be accorded to any party whose substantial interests will be affected by any action of the commission in the performance of its statutory duties or responsibilities,” which include “[l]and acquisition and management.” As a general principle of administrative law, a person is entitled to a section 120.57 hearing when an agency takes a final action affecting that person’s interests and there is a disputed issue of material fact related to that action. Friends of the Hatchineha, Inc. v. Dep’t of Envtl. Regulation, 580 So.2d 267, 269 (Fla. 1st DCA 1991). The petition must be filed with the “agency responsible for rendering final agency action.” Fla. Admin. Code R. 28-106.201(1). There has been no contention in this case that Appellants’ substantial interests are not affected; the question before us is whether the allegations in the petition sufficiently set forth final agency action by the Commission.
Agency action includes “the whole or part of a rule or order, or the equivalent, or the denial of a petition to adopt a rule or issue an order.” § 120.52(2), Fla. Stat. (2011). When an agency binds itself to a course of action in such a way as to prevent affected parties from protecting their interests at a later date, final agency action has occurred. See Manasota-88, Inc. v. Gardinier, Inc., 481 So.2d 948, 950 (Fla. 1st DCA 1986) (deeming an “informal, telephonic notice” of an “affirmative decision” not to require a business to obtain an air-pollution permit for a construction project a final agency action); Gen. Dev. Utils., Inc. v. Fla. Dep’t of Envtl. Regulation, 417 So.2d 1068 (Fla. 1st DCA 1982) (rejecting a claim that a letter was “informational in nature” and concluding that it constituted final agency action because the agency had “taken a position, reduced it to writing, and disseminated it to the affected party,” who was required to take responsive action to avoid nonrenewal of its permit); Daniels v. Fla. Parole & Probation Comm’n, 401 So.2d 1351, 1353 (Fla. 1st DCA 1981) (finding the written establishment of a presumptive parole date a final agency action subject to review), superseded by statute on other grounds as stated in Griffith v. Fla. Parole & Probation Comm’n, 485 So.2d 818, 819-20 (Fla.1986).
Appellants have established error in the Commission’s consideration of matters outside the four corners of the petition. The enforcement action referenced for the first time in the Commission’s order was not a proper basis for dismissal. The lack of specificity in the petition, however, would have been a proper basis for dismissal without prejudice. Cf. Dockery v. Fla. Democratic Party, 719 So.2d 9, 10 (Fla. 2d DCA 1998) (requiring amendment of a civil *131 complaint because the allegations were too conclusory).
Appellants rely on the bare allegation that the Commission has made a decision, or alternately notified them of a “proposed action,” to backfill a navigation stream to show that final agency action has occurred. The determination of whether a communication evidences final agency action depends on the language used. Compare Gen. Dev. Utils., 417 So.2d at 1069 (characterizing the language of an agency’s letter as unequivocally imposing a requirement on the petitioner and, therefore, constituting final action), with Hobe Assocs., Ltd. v. State, Dep’t of Bus. Regulation, Div. of Fla. Land Sales, Condos., & Mobile Homes, 504 So.2d 1801 (Fla. 1st DCA 1987) (concluding that a letter did not constitute final agency action because it “did not constitute a warning” and “did not have the attributes of a rule or order”). Consequently, even accepting the petition’s allegations as true, we cannot determine whether the decision to backfill the navigation stream was merely preliminary to future agency action, such that Appellants would have a meaningful opportunity to challenge the backfilling of the stream at a later date, or whether it is truly final. The allegations in the petition are too concluso-ry to sufficiently allege final agency action. See Fla. Admin. Code R. 28-106.201(2)(e) (requiring specific allegations).
Because a petitioner is entitled to at least one opportunity to amend a defective but correctable petition, we cannot affirm, as proposed by the Commission, on the basis of the insufficient allegations. W. Frank Wells Nursing Home v. State, Agency for Health Care Admin., 979 So.2d 339, 341 (Fla. 1st DCA 2008). We, therefore, reverse the order of dismissal and remand the case to the Commission with instructions to allow Appellants an opportunity to amend.
REVERSED and REMANDED with instructions.
WOLF, RAY, and SWANSON, JJ., concur.