PER CURIAM.
Appellants, Stephen Herbits and 1000 Venetian Way Condominium, Inc., appeal a Final Order of Dismissal entered by Ap-pellee, the Board of Trustees of the Internal Improvement Trust Fund (“Board”), that dismissed their Second Amended Petition for Formal Administrative Proceedings (“Second Amended Petition”), wherein they sought administrative review of the Board’s decision to approve the City of Miami’s request for a partial modification of deed restrictions on what was once sovereign submerged land (“SSL”). For the following reasons, we affirm.
In their Second Amended Petition, Appellants alleged the following:

Background

In 1949, the State of Florida conveyed Watson Island and surrounding submerged land to the City of Miami, more particularly described in Déed No. 19447 ... for no consideration, and with the requirement that the City could use the property for public and municipal purposes only, specifically excluding any conveyance to a private person, firm, or corporation for any private use or purpose:
PROVIDED, HOWEVER, anything herein to the contrary notwithstanding, this deed is given and granted upon the express condition subsequent that the Grantee herein or its successors and assigns shall never sell or convey or lease the above described land or any part thereof to any private person, firm or corporation for any private use or purpose, it being the intention of this restriction that the said lands shall be used solely for public purposes, including municipal purposes and not otherwise.
PROVIDED, FURTHER, anything herein to the contrary notwithstanding, this deed is given and granted upon the further express condition subsequent that the Grantee herein or its successor or assigns shall not give or grant any license or permit to any private person, firm or corporation to construct or make by any means, any islands, fills, embankments, structures, buildings or other similar things within or upon the above described lands or any part thereof for any private use or purpose, as distinguished from any public or municipal use or purpose.
It is covenanted and agreed that the above conditions shall run with the *1151 land and any violation thereof shall render this deed null and void ánd the above-described lands shall, in any event, revert to the Grantors or their successors.
In 2004, the Board approved a partial modification of the deed restrictions, allowing the City of Miami (“City”) to lease the land at issue for a proposed state-ofithe-art yacht marina and mixed-use development. In 2011,. the Board approved an amended and restated partial modification, which revised the schedule and structure for payments to the Board. This modification automatically terminated in 2012 as a result of four undischarged judgments against the developer. As for the 2014 partial modification at issue in this case, the Board described it as being “previously approved by the Board ... in 2004.” The modification “allow[ed] the construction and operation of a public and private commercial marina and mixed usé waterfront development project, including any and all uses permitted under the Ground Lease, to continue which will help the local economy and continue to provide revenue to the state.” According to the' Board, the modification “in no way waives any regulatory requirements including but not limited to those of DEP, Army Oorp of Engineers, South Florida Water Management District, and Miami-Dade County Environmental Resources Management.”
In response, Appellants filed a Petition for Formal Administrative Proceedings with the Board, pursuant to sections 120.569 and 120.57, Florida- Statutes. Appellants alleged that the Board’s approval of the City’s request to remove important restrictions would substantially affect them, and they requested that the Board refer the matter to the Division of Administrative Hearings for formal administrative proceedings and that it enter, a final order denying the decision to approve the City’s modification request.
The Board entered an Order Dismissing Petition with Leave to Amend, finding that the petition “fail[ed] to show that the Petitioners as third parties can challenge a purely proprietary Board action under sections 120.569 and 120.57 Florida Statutes” and “fail[ed] to establish that the -Petitioners’ substantial interests, will be affected by the Board’s action,...” The Board subsequently dismissed Appellants’ First Amended Petition for Formal Administrative Proceedings as well, determining that the amended petition was “based upon the defective premise the-land in question is [SSL],” it “[fail]ed -to show that the Petitioners as third parties can challenge this minor and purely proprietary Board action under sections 120.569, and 120.57,” and it “fail[ed] to establish that the Petitioners’ substantial interests will be affected by the Board’s action” granting the partial modification.
Thereafter, Appellants filed their Second Amended Petition, the operative petition for purposes of this appeal. They asserted in part as follows:
2. The Department’s rationale [for dismissal] is without basis. The challenged action, a modification of the original restrictions concerning a deed over [SSL], is an action taken by the Board concerning the transfer of [SSL]. Such action is circumscribed in the Board’s own adopted regulations under Chapter 18-21.... Therefore, the action' challenged is subject to review under the Florida APA. The action is not “purely proprietary” as the Board is bound to follow its regulatory mandate under Chapter' 18-21 ,•... Finally, Petitioners below detail multiple, independent, serious consequences' and--'"harms- that will result if the action is approved. Thus, Petitioners have well-pled a substantial *1152 interest within the four-corners of the petition, which is the limit of the Department’s scope of review on a dismissal....

Basis for Filing First Amended Petition

[[Image here]]
5. More importantly, Petitioners are challenging not simply the Board’s proprietary action, but its “administrative and management responsibilities” as circumscribed by its own rules, which it is bound to follow under the APA. R. 18-21.002(1), F.A.C.... The Board’s action here is bounded by both its proprietary and regulatory obligations. Specifically, Rule 18-21.004(l)(a), F.A.C., addresses the Board’s regulatory obligation to consider the public’s interest when making proprietary decisions concerning activities on sovereignty lands....
In support of their assertion, Appellants cited article X, section 11 of the Florida Constitution, section 253.12(2)(a), Florida Statutes, and Florida Administrative Code Rule 18-21.004(l)(a), all of which pertain to SSL.
In the Final Order of Dismissal, the Board set forth in part as follows:

Defective Premise That The Land in Question Is [SSL]

The Petitioners’ Second Amended Petition again relies heavily, if not entirely, upon various sections of Chapter 18-21 ... and the mistaken belief that the property in question is [SSL],
[[Image here]]
Such arguments based upon Chapter 18-21, F.A.C ..., however, are not persuasive. For the arguments to be valid, the-land in question must be [SSL]. As stated under rule 18-21.002(1), F.A.C., titled “Scope and Effective Date”:
These rules are to implement the administrative and management responsibilities of the Board, the Department of Environmental-Protection and the Department of Agriculture and Consumer Services regarding [SSL] Furthermore, as stated under rule 18-21.003(61), F.A.C.,
“Sovereignty submerged lands” means those lands including but not limited to, tidal lands, islands ... to which the State of Florida acquired title on March 3, 1845, by virtue of statehood, and which have not been heretofore conveyed or alienated. For the purposes of this chapter [SSL] shall include all submerged lands title to which is held by the Board. (Emphasis added).
As the Petitioners point[] out in their own words on page 6 of the Amended Petition:
In 1949, the State of Florida conveyed Watson Island and surrounding submerged land to the City of Miami more particularly described in Deed No. 19447....
When Deed No. 19447 was executed and delivered to the City of Miami in 1949, effectively conveying and alienating Watson Island and surrounding submerged land, the property ceased to be [SSL]. The property become conveyed land in which the State of Florida, through deed restrictions and possibility of reverter only, held a distant proprietary right. Therefore, the action of the Board in approving a Partial Modification of Original Deed Restriction to Deed No. 19447, was not an action governed by the provisions of Chapter 18-21, F.A.C., which deals exclusively with the administration of [SSL]. Also, the Board’s action did not deal with any rule making action subject to the APA.
This conclusion is not only supported by the F.A.C., but also the Constitution of the State of Florida.... Under Arti- *1153 ele X, Section 11, Fla. Const., “Sovereignty Lands” are described as follows:
The title to lands under navigable waters, within the boundaries of the state, which have not been alienated ... is held by the state....
Therefore, the Board’s decision to approve the request from the City of Miami for a Partial Modification of Original Restriction to Deed No. 19447 did not involve rulemaking or action under Chapter 18-21, F.A.C., but instead was the exercise of a minor and purely propriety right that existed because of the conveyance and alienation of Watson Island and surrounding submerged- land under Deed No. 19447 in 1949.
Since the Board’s action falls outside of Chapter 18-21, F.A.C., and the Petitioners rely heavily on said rale to establish both standing and jurisdiction, the Board must dismiss the Petitioners’ Second Amended Petition. In doing so, the Board restates the following concerning standing and jurisdiction.

The Petitioners’ Allegations Fail to Implicate Administrative Procedure Act Jurisdiction

... (DOAH) does not, by either statutory or constitutional scheme, acquire automatic jurisdiction through the ... (APA) when the Board takes action that is related to a minor and purely proprietary interest, and does not involve rule-making, and thus DOAH/APA jurisdiction is not invoked. Furthermore, the Petitioners have not alleged a single applicable chapter or rule of the Florida Administrative Code relative to the Board’s action in this situation, or sufficiently, alleged that the Board has exercised rule making authority in relation to its granted authority. The property in question is no longer “sovereign” submerged land, and is no longer owned by the State of Florida. The Board’s only interest is a distant proprietary role completely separate, and disconnected from any .rulemaking or other action subject to the jurisdiction of the APA.
[[Image here]]
Furthermore, the Petitioners’ stated basis for jurisdiction are sections of Chapter 18-21, F.A.C., and the belief that the property in question is [SSL]. These beliefs are misplaced. Thus, the Second Amended Petition does not contain sufficient allegations under established precedent or rule to implicate APA jurisdiction. ■
The Board further determined that the Second Amended Petition did not contain allegations clearly demonstrating standing. It dismissed the petition with prejudice. This appeal followed.
“In considering the dismissal of a petition for a hearing under section 120.57, Florida Statutes, an agency must ‘accept as true the factual allegations of the petitions and may not consider any factual matters outside the amended petitions.’” Save Our Creeks v. State of Fla. Fish & Wildlife Conservation Comm’n, 112 So.3d 128, 130 (Fla. 1st DCA 2013) (citation omitted). Dismissal of such a petition is reviewable de novo. Id.
Appellants argue that the Board dismissed their petition by inventing a new legal standard that would exempt “this” SSL from the requirements of the Florida Constitution. As this argument makes clear, the premisé of Appellants’ petitions was that the land at issue is SSL. However, as the Board determined, Appellants alleged in all of their petitions that the State “conveyed” by deed Watson Island and surrounding submerged land to the City in 1949. Article X, section 11 of the Florida Constitution, which addresses “[sovereignty lands,” provides:
*1154 The title to lands under navigable waters, within the boundaries of the state, which have not been alienated, including beaches below mean high water lines, is held by the state, by virtue of its sovereignty, in trust for all the people. Sale of such lands may be authorized by law, but only when in the public interest. Private use of. portions of such, lands may be authorized by law, .but only when not contrary to the public interest.
Section 253.12, Florida Statutes (2014), which is entitled “Title to tidal lands vested in state,” provides in part in subsection (1) that “[e]xcept submerged lands heretofore conveyed by deed or statute, the title to all sovereignty tidal and submerged bottom lands ... is vested in the Board — ” Section 253.12(2)(a) provides in part .that “[t]he Board ... may sell and convey such islands and submerged lands if determined by the board to be in the public interest, upon such prices, terms, and conditions as it sees fit.”
Florida Administrative 'Code Rule 18-21,003(61) defines “SSLs” as:
those lands including but not limited to, tidal lands, islands, sand bars, shallow banks, and lands waterward of the ordinary or mean high water line, beneath navigable fresh water or beneath tidally-influenced waters, to which the State of Florida acquired title on March 3, 1845, by virtue of statehood, and which have not been heretofore conveyed or alienated. For the purposes of this.chapter sovereignty submerged lands shall include all submerged lands title to which is held by the Board.
(Emphasis added).
Based upon the foregoing authorities, we agree with the Board that the land at issue ceased being SSL when it was conveyed or deeded to the City. Appellants cite to no authority for the proposition that land continues to be SSL if a deed includes use restrictions, and there has been no allegation that the Board, rather than the City, holds title to the land at issue. Nor does the record provide any indication that Appellants have administratively challenged rule 18-21.003(61), which expressly includes “all submerged lands title to which is held by the Board.” Although Appellants’ desire to administratively challenge the deed modification is understandable, as are the dissent’s concerns regarding their ability to do so, both Appellants and the dissent acknowledge that the land at issue was “conveyed” by deed to the City. Yet, none of the foregoing authorities include within the SSL definition SSL that was conveyed by a deed containing restrictions. To read those authorities in the manner proposed, by Appellants and accepted by the dissent would entail us improperly adding words to those authorities, See Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 512 (Fla.2008) (noting that courts are not at liberty to add words to a statute that were not placed there by the Legislature and that the same tenet applies equally .to constitutional provisions); see also Daniels v. Fla. Dep’t of Healthy 898 So.2d 61, 64 (Fla.2005) (“When the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent....”); Overstreet v. State, 629 So.2d 125, 126 (Fla.1993) (“If the legislature did not intend the results mandated by the statute’s plain language, then the appropriate remedy is for it to amend the statute.”).
Accordingly, we AFFIRM the Final Order of Dismissal.
LEWIS and B.L. THOMAS, JJ., concur; MAKAR, J., dissents with opinion.