# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0061
Lower Tribunal No. 2023-4154
_____

**Grace Christian Leadership Academy (3269),**
Appellant,

vs.

**Manny Diaz, Jr., Commissioner of Education,**
Appellee.

An Appeal from the State of Florida Department of Education.

Open Book Appeals and Erin Pogue Newell (Fort Lauderdale), for appellant.

W. David Chappell and James L. Richmond (Tallahassee), for appellee.

Before LOGUE, C.J., and MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Grace Christian Leadership Academy, a private educational institution, challenges a final order of the Florida Department of Education revoking its eligibility to participate in state scholarship programs. Grace raises a myriad of errors on appeal, but we write only to address the sufficiency of the request for an administrative hearing because it is dispositive.

**BACKGROUND**

On September 29, 2023, the Department issued an administrative complaint alleging that Grace engaged in fraudulent activity during the 2021–2022 school year by falsely confirming student enrollment to secure scholarship funds, in violation of section 1002.421(3)(e)(3), Florida Statutes (2023). Grace responded via letter on October 10, 2023, denying fraud, asserting historical compliance, and requesting an administrative hearing pursuant to chapter 28-106 of the Florida Administrative Code.

On October 27, 2023, the Department treated the letter as a petition and dismissed it for failing to comply with rule 28-106.201(2) of the Florida Administrative Code. The dismissal was mailed to Grace's counsel.

On November 14, 2023, 18 days later, Grace emailed a request for an extension to file an amended submission because its attorney had a death in his family and was out of the office. On November 30, 2023, the

2

Department denied the request as untimely. On December 11, 2023, the Department issued a final order finding Grace waived its right to a hearing by failing to timely file an amended petition or extension request. This appeal ensued. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(C).

**LEGAL ANALYSIS**

In considering the dismissal of a petition for a hearing under section 120.57, Florida Statutes (2023), "an agency must accept as true the factual allegations of the petitions and may not consider any factual matters outside the amended petitions." Herbits v. Bd. of Trs. of Internal Improvement Tr. Fund, 195 So. 3d 1149, 1153 (Fla. 1st DCA 2016) (quotations omitted). "Dismissal of such a petition is reviewable de novo." Id.

Grace contends its letter substantially complied with rule 28-106.201(2) of the Florida Administrative Code and section 120.54(5)(b)(4), Florida Statutes (2023), hence dismissal was improper. Section 120.569(2)(c), Florida Statutes (2023), mandates dismissal if a petition is not in compliance with rule 28-106.201(2). That rule requires the petitioning party to include the following:

> (a) The name and address of each agency affected and each agency's file or identification number, if known;

> (b) The name, address, any e-mail address, any facsimile number, and telephone number of the petitioner, if the petitioner is not represented by an attorney or a qualified representative;

3

the name, address, and telephone number of the petitioner's representative, if any, which shall be the address for service purposes during the course of the proceeding; and an explanation of how the petitioner's substantial interests will be affected by the agency determination;

(c) A statement of when and how the petitioner received notice of the agency decision;

(d) A statement of all disputed issues of material fact. If there are none, the petition must so indicate;

(e) A concise statement of the ultimate facts alleged, including the specific facts the petitioner contends warrant reversal or modification of the agency's proposed action;

(f) A statement of the specific rules or statutes the petitioner contends require reversal or modification of the agency's proposed action, including an explanation of how the alleged facts relate to the specific rules or statutes; and

(g) A statement of the relief sought by the petitioner, stating precisely the action petitioner wishes the agency to take with respect to the agency's proposed action.

Fla. Admin. Code R. 28-106.201(2); see also § 120.54(5)(b)(4), Fla. Stat. (same). Perfection is not necessary. See Julio Banks, P.E. v. Fla. Eng'rs Mgmt. Corp., 53 So. 3d 1151, 1153–54 (Fla. 1st DCA 2011) (remanding where petition for administrative hearing did not strictly comply with statute because it constituted "a sufficient request for administrative hearing" nonetheless); McIntyre v. Seminole Cnty. Sch. Bd., 779 So. 2d 639, 643 (Fla. 5th DCA 2001) ("The only item McIntyre failed to include was how he became aware of the School Board's action, a deficiency that we do not consider

dispositive. Although McIntyre did not directly ask for a hearing, he did raise issues of disputed facts and his letter was sufficient to meet the minimum requirements listed in section 120.54(5)(b) 4 for a hearing request.").

Here, Grace identified the Department and case number, included its counsel's contact information, noted historical compliance over the past thirteen years and financial hardship risk, denied fraud and cited a misunderstanding, and requested a hearing under chapter 28-106 of the Florida Administrative Code. Omitted from the letter were notice receipt details and specific rules or statutes supporting reversal.

Consistent with precedent, we find the letter was substantially compliant. The Department's reliance on <u>Brookwood Extended Care Center of Homestead, LLP v. Agency for Healthcare Administration</u>, 870 So. 2d 834 (Fla. 3d DCA 2003), does not alter this conclusion. There, the Agency for Healthcare Administration filed a thirty-seven-page complaint, along with a forty-eight-page statement of deficiencies grounded in specific factual allegations. The facility's petition generally denied "each and every factual allegation" and alleged the ultimate facts would demonstrate it was always in compliance with all regulations. <u>Id.</u> at 836–37. This court concluded the petition was insufficient, noting that the facility denied every allegation set forth in the voluminous charging document, no matter how perfunctory or

5

insignificant. <u>See</u> <u>id.</u> at 841. But the court further found that "the facility should be accorded the opportunity to conform its petition to the 'uniform rules.'" <u>Id.</u> (quoting § 120.569, Fla. Stat. (2003)).

Unlike <u>Brookwood</u>, the complaint in this case contained a single sentence of conclusory factual allegations, stating that Grace falsely reported "certain students had enrolled at or attended" the school. The complaint is devoid of further supporting details. It does not identify the students or provide any information as to the specific program implicated. Under these circumstances, Grace's timely petition denying the core allegations was commensurate with the complaint, and therefore sufficient to trigger a right to an administrative hearing. Accordingly, we reverse and remand.

Reversed and remanded.