PER CURIAM.
 

 The appellant appeals from a final order entered against him by the Board of Professional Engineers (the Board) following an informal hearing. The order was entered after the Board granted Florida Engineers Management Corporation’s (FEMC’s)
 
 [1]
 
 motion to find that the appellant did not respond to FEMC’s administrative complaint within 21 days, thereby waiving his right to dispute the material facts alleged in the complaint. Relying on their finding of waiver, the Board concluded that the appellant violated sections 471.033(l)(g) and (k), Florida Statutes (2010), and disciplined his Professional Engineer (PE) license. On appeal, the appellant argues that he did file a timely response, which should have been treated as a request for formal hearing; therefore, the Board’s finding of waiver was in error. We agree and reverse.
 

 In 2007, the appellant’s PE license was disciplined and he was placed on probation. Under the terms of his probation, he was required to submit a list of his projects to the Board for peer review. In 2008, the appellant submitted his first list of projects as required and the reviewer found several deficiencies in the documents. In lieu of submitting his second list of projects for review, the appellant informed FEMC that he had not performed any engineering work that needed to be reviewed.
 

 On October 8, 2009, FEMC filed a two-count administrative complaint against the appellant. Count One alleged that the appellant violated section 471.033(l)(g), Florida Statutes (2009), by engaging in negligence in the practice of engineering. Count Two alleged that he had violated section 471.033(l)(k), Florida Statutes (2009), by falsely stating he had not completed any engineering projects, contrary to the terms of his probation. According to the certificate of service, the complaint was furnished to the appellant by certified mail on October 14, 2009. The complaint was also accompanied by an election of rights form and a cover letter which advised that the appellant had 21 days in which to request a formal administrative hearing under section 120.57(1), Florida Statutes (2009).
 

 On November 16, 2009, the Board received a letter from the appellant requesting a six-month extension in order to obtain the necessary funds to properly respond. The letter also disputed, with particularity, certain material allegations in the administrative complaint.
 

 On December 4, 2009, FEMC filed a motion to determine that the appellant had
 
 *1153
 
 waived his right to a formal administrative hearing because no “petition or response of any kind” had been received from the appellant. A hearing on the motion was held before the Board in which the appellant argued that his November 16th letter was a timely response to the complaint. FEMC countered that the appellant was required to respond within 21 days from the date of service on October 14, 2009, in other words by November 4, 2009, so the letter was untimely. The Board concluded the appellant waived his right to a formal hearing and proceeded with an informal hearing. On May 19, 2010, the Board issued a final order that reprimanded and suspended the appellant’s PE license for one year, imposed a fine of $1,000, and ordered that the appellant pay costs of $1,150. Additionally, the order provided that the appellant would be required to appear before the Board as a condition of reinstatement.
 

 “A party who is adversely affected by final agency action is entitled to judicial review.” § 120.68(1), Fla. Stat. (2010). A reviewing court may remand or set aside agency action when it finds that the validity of the action depends on disputed facts and there has been no hearing prior, or when it finds the agency action is dependent on a material error in procedure, on an incorrect interpretation of law, or otherwise constitutes an abuse of discretion.
 
 See
 
 § 120.68(7), Fla. Stat. (2010).
 

 Under Florida Administrative Codé rule 28-106.111(2), “[ujnless otherwise provided by law, persons seeking a hearing on an agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency within 21 days of receipt of written notice of the decision.” Section 120.54(5)(b)4, Florida Statutes (2010), provides that a petition for administrative hearing must include:
 

 a. The identification of the petitioner.
 

 b. A statement of when and how the petitioner received notice of the agency’s action or proposed action,
 

 e.An explanation of how the petitioner’s substantial interests are or will be affected by the action or proposed action.
 

 d. A statement of all material facts disputed by the petitioner or a statement that there are no disputed facts.
 

 e. A statement of the ultimate facts alleged, including a statement of the specific facts the petitioner contends warrant reversal or modification of the agency’s proposed action.
 

 f. A statement of the specific rules or statutes that the petitioner contends require reversal or modification of the agency’s proposed action, including an explanation of how the alleged facts relate to the specific rules or statutes.
 

 g. A statement of the relief sought by the petitioner, stating precisely the action petitioner wishes the agency to take with respect to the proposed action.
 

 Under section 120.569(2)(c), Florida Statutes (2010):
 

 A petition shall be dismissed if it is not in substantial compliance with [the requirements of section 120.54(5)(b)4] or it has been untimely filed. Dismissal of a petition shall, at least once, be without prejudice to petitioner’s filing a timely amended petition curing the defect, unless it conclusively appears from the face of the petition that the defect cannot be cured. The agency shall promptly give written notice to all parties of the action taken on the petition, shall state with particularity its reasons if the petition is not granted, and shall state the deadline for filing an amended petition if applicable.
 

 In the instant case, record evidence shows, and FEMC does not dispute, that the appellant actually received the administrative complaint on October 27, 2009, 13
 
 *1154
 
 days after the date on the certifícate of service. Therefore, because he had until November 17, 2009, to timely respond, his November 16th letter was in fact timely. Although his letter did not specifically request a formal administrative hearing, the letter clearly indicated that the appellant disputed material allegations in the complaint. Therefore, it should have been treated as a sufficient request for administrative hearing.
 
 See McIntyre v. Seminole County Sch. Bd.,
 
 779 So.2d 639 (Fla. 5th DCA 2001) (remanding for a formal hearing where employee’s letter to school board did not explicitly request a hearing, but raised issues of disputed facts and should have been considered a sufficient hearing request). Even if his letter was a deficient petition for administrative hearing under section 120.54(5)(b)4, the appellant should have at least been provided the opportunity to file an amended petition.
 
 See
 
 § 120.569(2)(c). Because we find that the appellant did not waive his right to administrative hearing, we reverse the final order on appeal and remand for proceedings pursuant to section 120.57(1).
 

 VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.
 

 [1]
 

 . FEMC provides administrative, investigative, and prosecutorial services to the Board pursuant to section 471.038, Florida Statutes (2010).