ON MOTION FOR CLARIFICATION

PER CURIAM.
We grant Appellee’s Motion for Clarification addressed to our directions on remand, withdraw our previous opinion, and substitute in its place what follows.
Ingrid Herrmann appeals from the Final Order of The District Board of Trustees of Santa Fe College (the “Board”) dismissing with prejudice her Amended Petition for Administrative Hearing to contest the Board’s decision to terminate her contract as an assistant professor of microbiology. We reverse.
By letter dated August 6, 2012, Herr-mann requested from the Board a formal hearing before the Division of Administrative Hearings to challenge the dismissal. In a responsive letter dated September 5, 2012, the Board declared Herrmann could not be afforded a hearing because the statute cited in her letter as the basis for her request was incorrect and inapplicable to Santa Fe College. The Board’s letter did not give Herrmann an opportunity to amend her request; nonetheless, six days later she filed her formal Amended Petition for Administrative Hearing. Thereafter, the Board issued an order to show cause why Herrmann’s August 6, 2012, letter was adequate to allow an amendment, and why the Board should not dismiss her Amended Petition as untimely. Herrmann responded by arguing that her August 6 letter was in substantial compliance with the requirements of a “petition” as specified in section 120.54(5)(b)4., Florida Statutes (2012). In its Final Order, the Board rejected her argument and ruled her Amended Petition was “the first document that [could] be considered a petition under the Model Rules of Administrative Procedure, Chapter 28-106, Florida Administrative Code,” but, as such, was filed “well beyond the twenty-one (21) day deadline” expressed in the Notice of Hearing Rights she had received from the Board when it first notified her it had accepted the college president’s recommendation of dismissal. Consequently, the Board ruled Herrmann’s Amended Petition was untimely. In so ruling, the Board erred.
The Board rejected Herrmann’s reliance on Julio Banks, P.E. v. Florida Engineers Management Corp., 53 So.3d 1151 (Fla. 1st DCA 2011), and McIntyre v. Seminole County School Board, 779 So.2d 639 (Fla. 5th DCA 2001), in arguing that her August 6 letter was in substantial compliance with section 120.54(5)(b)4. In both Banks and McIntyre, it was decided that while the letters submitted to the agencies did not specifically request a hearing, they nonetheless were in substantial compliance with the statute and should have been treated as a sufficient request for an ad *628 ministrative hearing. See, e.g., Banks, 53 So.3d at 1154. Here, Herrmann’s August 6 letter actually requested a hearing, but simply cited an incorrect statute. The Board was wrong, therefore, when it held that Banks and McIntyre were distinguishable.
More important, though, is that in Banks we ruled: “[E]ven if [the] letter was a deficient petition for administrative hearing under section 120.54(5)(b)4., the appellant should have at least been provided the opportunity to file an amended petition. See § 120.569(2)(c).” 53 So.3d at 1154. Section 120.569(2)(c), Florida Statutes (2012), unequivocally mandates that the “[d]ismissal of a petition shall, at least once, be without prejudice to petitioner’s filing a timely amended petition curing the defect, unless it conclusively appears from the face of the petition that the defect cannot be cured.” (Emphasis added.) Because Herrmann’s Amended Petition related back to her initial request for a hearing, McIntyre, 779 So.2d at 643, it was not untimely and, consequently, not “a defect that cannot be cured,” as held by the Board. As a result, the Board’s Final Order dismissing the petition with prejudice “was dependent on a material error in procedure,” and “constitute^] an abuse of discretion.” Banks, 53 So.3d at 1153 (citing section 120.68(7), Florida Statutes (2010)). Consequently, we reverse the Final Order and remand the cause to the Board with directions to afford Herrmann a hearing on her Amended Petition in accordance with section 120.57(l)(a), Florida Statutes (2012).
REVERSED and REMANDED.
PADOVANO, WETHERELL, and SWANSON, JJ., concur.